No. CR 07 00788 JF    *Under Seal* PVT

FILED

PVT

DEC 13 2007

SEALED BY ORDER
OF COURT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

## THE UNITED STATES OF AMERICA

### *vs.*

**AMIT M. EZYONI, ASAF NASS a/k/a "Dan", LIMOR GEFEN a/k/a "Dana", ELI KAUPP, DANIEL G. RANGEL, BARAK BRAUNSHTAIN, RANDY W. GOLDBERG, BRANDI C. AYCOCK, DAVID R. LAMONDIN, MATTHEW D. SANDOMIR, STUART H. SHEINFELD, CAROL HAEUSSLER, CHRISTOPHER A. SARIOL, and EDUARDO A. SUBIRATS**

## INDICTMENT

**COUNT ONE**:                          Title 18, U.S.C. § 371 - Conspiracy to Commit Wire Fraud and Extortion

**COUNTS TWO - FIFTEEN**:               Title 18, U.S.C. § 1343 - Wire Fraud

**COUNTS SIXTEEN - TWENTY-THREE**:      Title 18, U.S.C. § 1951 - Extortion

**COUNT TWENTY-FOUR**:                  Title 18, U.S.C. § 1956(h) - Conspiracy to Commit Money Laundering

**COUNTS TWENTY-FIVE - TWENTY-EIGHT**:  Title 18, U.S.C. § 1956(a)(1)(A)(1) - Money Laundering

DOCUMENT NO.     CSA's
                 INITIALS

1

DISTRICT COURT
CRIMINAL CASE PROCESSING

*A true bill.*

_Ramona L Wells_
**Foreperson**

Filed in open court this _12_ day of _December_

A.D. 200_7_

_Patricia V Trumbull_
**United States Magistrate Judge**

**Bail. $** _arrest warrants – no bail_

E₃ York

Nass

Gefen

Goldberg

aycock

Daupp

Ranzel

Braunshtein

no process for all other
defendants

PV7

1  SCOTT N. SCHOOLS (SCN 9990)
   United States Attorney

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12  UNITED STATES OF AMERICA,          CR  07  00788  JFPVT

13          Plaintiff,                 CR NO:

                                        VIOLATIONS: 18 U.S.C. § 371 --
14       v.                             Conspiracy; 18 U.S.C. § 1343 -- Wire
                                        Fraud; 18 U.S.C. § 1951 – Extortion; 18
15  AMIT M. EZYONI,                     U.S.C. § 1956(h)–Conspiracy to Commit
    ASAF NASS,                          Money Laundering; 18 U.S.C. §
16      a/k/a "Dan,"                    1956(a)(1)(A)(I) -- Money Laundering; 18
    LIMOR GEFEN,                        U.S.C. § 2--Aiding and Abetting and
17      a/k/a "Dana,"                   Willfully Causing; 18 U.S.C.  § 982 --
    ELI KAUPP,                          Criminal Forfeiture
18  DANIEL G. RANGEL,
    BARAK BRAUNSHTAIN,                  SAN JOSE VENUE
19  RANDY W. GOLDBERG,
    BRANDI C. AYCOCK,
20  DAVID R. LAMONDIN,
    MATTHEW D. SANDOMIR,
21  STUART H. SHEINFELD,
    CAROL HAEUSSLER,
22  CHRISTOPHER A. SARIOL, and
    EDUARDO A. SUBIRATS,
23
            Defendants.
24

25

26

27

28

INDICTMENT



SEALED BY ORDER OF COURT

1

2                          I N D I C T M E N T

3    The Grand Jury charges:

4                        Introductory Allegations

5        At all times relevant to this Indictment:

6        1.  AY Transport, Inc. ("AY"), also known as ("a/k/a") Progressive Van Lines ("PVL"),

7    a/k/a Midwest Relocation Services, was a moving company with offices in San Jose, California,

8    engaged in the interstate transportation of household goods ("goods") for members of the public.

9        2.  National Moving Network ("NMN"), a/k/a Patriot Moving, a/k/a Premium Relocation

10   Services, was a moving company with offices in Miami, Florida, engaged in brokering the

11   interstate transportation of goods for members of the public.

12       3.  Defendant Amit M. Ezyoni was the owner and chief executive officer of AY.  As

13   owner and CEO, defendant Ezyoni ran the day-to-day operations of AY.

14       4.  Defendant Asaf Nass, a/k/a "Dan," was the operations manager of AY.  As operations

15   manager, defendant Nass assisted in running the day-to-day operations of AY.

16       5.  Defendant Ezyoni had signatory authority over the primary AY business account,

17   Wells Fargo Bank Account #009-1460212.  Defendants Ezyoni and Nass had signatory authority

18   over the primary PVL business account, Bank of America Account #12624-06932.

19       6.  Defendant Limor Gefen, a/k/a "Dana," was the office manager of AY.  As office

20   manager, defendant Gefen handled customer complaints and assisted in the day-to-day operations

21   of AY.

22       7.  Defendant Eli Kaupp was a driver for AY.  As a driver, defendant Kaupp participated

23   in the loading and delivery of customers' goods and interacted directly with customers.

24       8.  Defendant Daniel G. Rangel was a driver for AY.  As a driver, defendant Rangel

25   participated in the loading and delivery of customers' goods and interacted directly with

26   customers.

27       9.  Defendant Barak Braunshtain was a driver for AY.  As a driver, defendant Braunshtain

28   participated in the actual loading and delivery of customers' goods and interacted directly with

1  customers.

2      10.  Defendant Randy W. Goldberg was the owner and president of NMN.  As owner and

3  president, defendant Goldberg ran the day-to-day operations of NMN.

4      11.  Defendant Brandi C. Aycock was the sales manager for NMN.  As sales manager,

5  defendant Aycock supervised sales representatives in their assigned tasks of soliciting customers,

6  taking customer inventories, providing customers with weight and price estimates, collecting

7  customer deposits, and scheduling dates for the loading of customer goods.

8      12.  Defendant David R. Lamondin was a sales representative for NMN.  As a sales

9  representative, defendant Lamondin solicited customers, took customer inventories, provided

10 customers with weight and price estimates, collected customer deposits, and scheduled dates for

11 the loading of customer goods.

12      13.  Defendant Matthew D. Sandomir was a sales representative for NMN.  As a sales

13 representative, defendant Sandomir solicited customers, took customer inventories, provided

14 customers with weight and price estimates, collected customer deposits, and scheduled dates for

15 the loading of customer goods.

16      14.  Defendant Stuart H. Sheinfeld was a sales representative for NMN.  As a sales

17 representative, defendant Sheinfeld solicited customers, took customer inventories, provided

18 customers with weight and price estimates, collected customer deposits, and scheduled dates for

19 the loading of customer goods.

20      15.  Defendant Carol Haeussler was a sales representative for NMN.  As a sales

21 representative, defendant Haeussler solicited customers, took customer inventories, provided

22 customers with weight and price estimates, collected customer deposits, and scheduled dates for

23 the loading of customer goods.

24      16.  Defendant Christopher A. Sariol was a sales representative for NMN.  As a sales

25 representative, defendant Sariol solicited customers, took customer inventories, provided

26 customers with weight and price estimates, collected customer deposits, and scheduled dates for

27 the loading of customer goods.

28      17.  Defendant Eduardo A. Subirats was a sales representative for NMN.  As a sales

representative, defendant Subirats solicited customers, took customer inventories, provided customers with weight and price estimates, collected customer deposits, and scheduled dates for the loading of customer goods.

COUNT ONE: (18 U.S.C. § 371–Conspiracy)

18. Paragraphs 1 through 17 of the Introductory Allegations section are realleged and incorporated as though fully set forth herein.

19. From in or around April 2001 and continuing through approximately October 2005, in Santa Clara County, in the Northern District of California, and elsewhere, the defendants

AMIT M. EZYONI,<br>
ASAF NASS,<br>
a/k/a "Dan,"<br>
LIMOR GEFEN,<br>
a/k/a "Dana,"<br>
ELI KAUPP,<br>
DANIEL G. RANGEL,<br>
BARAK BRAUNSHTAIN,<br>
RANDY W. GOLDBERG,<br>
BRANDI C. AYCOCK,<br>
DAVID R. LAMONDIN,<br>
MATTHEW D. SANDOMIR,<br>
STUART H. SHEINFELD,<br>
CAROL HAEUSSLER,<br>
CHRISTOPHER A. SARIOL, and<br>
EDUARDO A. SUBIRATS,

did knowingly and intentionally conspire to commit acts and offenses against the laws of the United States, that is: wire fraud, in violation of 18 U.S.C. § 1343; and extortion, in violation of 18 U.S.C. § 1951.

OBJECT OF THE CONSPIRACY

20. It was the object of the conspiracy for the defendants to unjustly enrich themselves by luring customers into doing business with NMN by offering them extremely low moving estimates, taking possession of customers' property and then subsequently increasing the price of AY's transport of the customers' goods, and thereafter withholding delivery of their goods until the customers paid the fraudulently inflated price to AY.

MANNER AND MEANS OF THE CONSPIRACY

21. Defendant NMN represented itself to the public as a reputable broker of interstate moves.

INDICTMENT                                          4

1    22. Defendant AY represented itself to the public as a reputable moving company.

2    23. At the direction of defendants Randy W. Goldberg and Brandi C. Aycock, defendants

3    David R. Lamondin, Matthew D. Sandomir, Stuart H. Sheinfeld, Carol Haeussler, Christopher A.

4    Sariol, Eduardo A. Subirats, and other NMN employees provided extremely low moving

5    estimates to customers to induce them to hire NMN to move their goods. These estimates were

6    conveyed by telephone, facsimile, and electronic mail ("e-mail"). Once NMN had secured the

7    customer's contract, they collected a deposit and referred the deal without the customers'

8    knowledge to AY. AY then provided the drivers and trucks to complete the move.

9    24. Defendants Amit M. Ezyoni, Asaf Nass, Limor Gefen supervised the AY drivers

10   assigned to handle the moves, including defendants Eli Kaupp, Daniel G. Rangel, and Barak

11   Braunshtain, among other AY drivers. The drivers typically rushed customers through the AY

12   paperwork, causing them to sign blank or incomplete bills of lading and other documents, and

13   failed to inform them of the actual price of the move prior to loading customer goods.

14   25. Once a customer's goods had been loaded, an AY employee would and did inflate the

15   total price of the move by claiming that the customer's goods weighed more than had been

16   originally estimated by NMN, or by overcharging the customer for packing materials.

17   26. When contacted by customers requesting the delivery of their goods, defendants

18   Amit M. Ezyoni, Asaf Nass, Limor Gefen, and other AY employees demanded full payment of

19   the new, inflated price before AY would deliver the goods. This new, inflated price was often

20   multiple times the initial estimate provided to the customer by NMN.

21   27. Defendants Amit M. Ezyoni, Asaf Nass, Limor Gefen, and other AY employees

22   ignored customers' repeated complaints about the inflated prices.

23   28. When customers refused to pay the inflated price, defendants Amit M. Ezyoni, Asaf

24   Nass, Limor Gefen, and other AY employees arranged to warehouse customer goods, often under

25   the names of individual drivers, and refused to divulge the location of the goods to customers.

26   29. When delivering customer goods, the drivers, acting under the direction of

27   defendants Amit M. Ezyoni, Asaf Nass, Limor Gefen, and other AY employees, demanded that

28   customers pay any outstanding balance before they would unload, or even provide access to, the

1  customer's goods.

2      30. Defendants Amit M. Ezyoni, Asaf Nass, Limor Gefen, and other AY employees

3  refused to adequately compensate customers for any damaged or undelivered goods.

4      31. The extremely low bid price, the referral to AY, the drivers' rushing customers

5  through paperwork, the increase in price after taking possession of customers' goods, and the

6  refusal to release said goods unless the customers paid the increased price were all co-ordinated

7  parts of the conspiracy designed to work together to extort maximum money from the customers.

8                                    OVERT ACTS

9      32. In furtherance of the conspiracy and to effect its objects, at least one of the co-

10  conspirators committed at least one of the following overt acts, in the Northern District of

11  California and elsewhere:

12      Victim 1: A.B.and K.S.

13      33. On or about July 26, 2002, in a telephone conversation between Colorado and San

14  Jose, California, defendant Amit M. Ezyoni told A.B., an AY customer moving from San Jose,

15  California to Colorado,  that A.B's goods would not be delivered unless he paid AY a price

16  which had been inflated from the original price estimate provided by NMN.

17      34. On or about July 27, 2002, defendant Daniel G. Rangel refused to unload A.B and

18  K.S.'s goods until K.S. paid him the inflated price.

19      Victim 2: S.M. and N.G.

20      35. On or about March 7, 2003, defendant David R. Lamondin mailed N.G. an estimate

21  of $2,880 to move N.G's and S.M's goods from Colorado to Florida.

22      36. On or about May 1, 2003, defendant Asaf Nass faxed N.G. a letter from San Jose,

23  California to Florida informing N.G. that she was required to wire $1,500 for the delivery to

24  proceed, informing her that the price had increased from the original price estimate, and stating

25  that full payment of the inflated price was required for the delivery to proceed.

26      37. On or about May 1, 2003, defendant Asaf Nass, speaking in a telephone call from

27  San Jose, California, told an undercover agent posing as N.G. in a telephone call that she would

28  not receive her belongings unless she paid the full inflated price.

Victim 3: T.M.

38. On or about May 15, 2003, defendant Asaf Nass informed T.M. in a telephone call from San Jose, California to Alabama that the cost of his move had been inflated to $1,599, and that T.M.'s goods would not be delivered until the additional fees were paid.

39. On or about June 9, 2003, defendant Asaf Nass faxed T.M. from San Jose, California to Alabama a request that T.M. wire $1,199 to AY's business bank account in San Jose, California as partial payment of the inflated price.

40. On or about June 18, 2003, defendant Asaf Nass informed T.M. in a telephone call between Alabama and San Jose, California that T.M. would not receive his goods until he had paid the full inflated price.

41. On or about July 7, 2003, defendant Eli Kaupp refused to unload T.M.'s goods unless T.M. paid the balance that AY claimed it was owed.

Victim 4: R.L.

42. On or about September 23, 2003, defendant Matthew D. Sandomir transmitted to R.L. in Florida an estimate of $1,200 to move her goods from Florida to Tennessee.

43. On or about October 19, 2003, defendant Asaf Nass telephoned R.L. from San Jose, California to her location in Tennessee and told her that AY would not deliver her goods unless she paid the inflated price.

Victim 5: L.R.

44. On or about October 20, 2003, defendant Carol Haeussler transmitted to L.R. in California an estimate of $2,378 to move his goods from California to Illinois.

45. On or about November 3, 2003, in a telephone call between San Jose, California and Illinois, defendant Limor Gefen, a/k/a/ "Dana," informed L.R. that he would not get his goods until he had paid the full amount of the inflated AY price for the move.

46. On or about November 3, 2003, in a telephone call between San Jose, California and Illinois, defendant Asaf Nass informed L.R. that he would not get his goods until he had paid the full amount of the inflated AY price for the move.

47. On or about December 15, 2003, defendant Asaf Nass faxed from San Jose,

1    California to L.R. in Illinois a settlement agreement with respect to the inflated price.

2        Victim 6: C.M.

3        48.  On or about November 18, 2003, defendant Christopher A. Sariol transmitted to

4    C.M. in Florida an estimate of $1,446.50 to move C.M.'s goods from Florida to Minnesota.

5        49.  On or about December 3, 2003, defendant Barak Braunshtain informed C.M, after his

6    goods had been loaded, that the cost of the move had been inflated to $2,401, and that C.M.

7    would have to pay this full amount prior to receiving delivery of his goods.

8        50.  On or about December 10, 2003, defendant Asaf Nass, speaking from San Jose,

9    California, informed C.M. in a that he would not receive his goods until he paid the full inflated

10   price.

11       Victim 7: L.G.

12       51.  On or about January 20, 2004, defendant Eduardo A. Subirats e-mailed L.G. from

13   Florida to Aptos, California an estimate of $2,715 to move L.G.'s goods from Aptos, California

14   to North Carolina.

15       Victim 8: A.G.

16       52.  On or about April 23, 2004, in a telephone call from Florida to Massachusetts,

17   defendant Stuart Sheinfeld provided A.G. with an estimate of $1,855 to move A.G's goods from

18   Massachusetts to Florida.

19       53.  On or about June 19, 2004, defendant Barak Braunshtain informed A.G. in a

20   telephone call that the cost of the move had increased to $~~2,944~~ and that he would not deliver

     2,418.80 *(handwritten)*

21   her goods until she paid the full inflated price.

22       54.  On or about June 19, 2004, in a telephone call from Florida to San Jose, California,

23   defendant Limor Gefen informed A.G. that Progressive Van Lines would not deliver her goods

24   unless she paid the full inflated price.

25       Victim 9: T.P.

26       55.  On or about June 28, 2004, in a telephone call between Louisiana and San jose,

27   California, defendant Asaf Nass informed customer T.P. that his goods would not be delivered to

28   him unless he paid the full amount of a price inflated from the original quote provided by NMN.

All in violation of Title 18, United States Code, Section 371.

COUNTS TWO THROUGH FIFTEEN: (18 U.S.C. §§ 1343 and 2– Wire Fraud;
Aiding and Abetting)

56.   Paragraphs 1 through 17 of the Introductory Allegations section and paragraphs 20 through 31 of Count One are realleged and incorporated as though fully set forth herein.

### SCHEME AND ARTIFICE

57.   It was the object of the scheme and artifice for the defendants to unjustly enrich themselves by luring customers into doing business with NMN by offering them extremely low moving estimates, taking possession of customers' property and then subsequently increasing the price of AY's transport of the customers' goods, and thereafter withholding delivery of their goods until the customers paid the fraudulently inflated price to AY.

### USE OF THE WIRES

58.   On or about the dates listed in the separate counts below, in Santa Clara County, in the Northern District of California and elsewhere, the defendants, as listed below as to each count, for the purpose of executing and attempting to execute the scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted in interstate commerce by means of wire communications, certain writings, signs, signals and sounds, as more specifically described below:

| COUNT | DATE | DEFENDANT | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|---|
| 2 | 5/1/03 | AMIT M. EZYONI ASAF NASS | Fax from Asaf Nass in California to N.G. in Florida regarding the inflated price of the move and requirement of full payment prior to delivery of goods |
| 3 | 5/2/03 | AMIT M. EZYONI ASAF NASS | Electronic wire transfer of $1,500 sent from N.G. in Florida to AY in California at direction of Asaf Nass |
| 4 | 6/9/03 | AMIT M. EZYONI ASAF NASS | Fax from Asaf Nass in California to T.M. in Alabama requesting that T.M. wire an additional $1,199 to AY |

INDICTMENT                              9

| 5 | 6/18/03 | AMIT M. EZYONI ASAF NASS | Telephone call from T.M. in Alabama to Asaf Nass in California regarding the inflated price of the move and requirement of full payment prior to delivery of goods |
| 6 | 10/19/03 | AMIT M. EZYONI ASAF NASS | Telephone call from Asaf Nass in California to R.L. in Tennessee regarding the inflated price of the move and requirement of full payment prior to delivery of goods |
| 7 | 10/30/03 | RANDY W. GOLDBERG CAROL HAEUSSLER | Fax from NMN in Florida to AY in California conveying estimate for move of L.R. |
| 8 | 11/3/03 | AMIT M. EZYONI LIMOR GEFEN | Telephone call from L.R. in Illinois to Limor Gefen in California regarding the inflated price of the move and requirement of full payment prior to delivery of goods |
| 9 | 11/3/03 | AMIT M. EZYONI ASAF NASS | Telephone call from L.R. in Illinois to Asaf Nass in California regarding the inflated price of the move and requirement of full payment prior to delivery of goods |
| 10 | 12/15/03 | AMIT M.. EZYONI ASAF NASS | Fax from Asaf Nass in California to L.R. in Illinois outlining terms of settlement agreement between AY and L.R. regarding inflated price |
| 11 | 12/16/03 | AMIT M. EZYONI ASAF NASS | Fax from L.R. in Illinois to Asaf Nass in California signing settlement agreement between AY and L.R. regarding inflated price |
| 12 | 1/20/04 | RANDY W. GOLDBERG EDUARDO A. SUBIRATS | E-mail from NMN in Florida to L.G. in California conveying estimate for L.G's move from California to North Carolina |
| 13 | 6/19/04 | AMIT M. EZYONI LIMOR GEFEN | Telephone call from A.G. in Florida to Limor Gefen in California regarding the inflated price of the move and requirement of full payment prior to delivery of goods |

| 14 | 6/19/04 | AMIT M. EZYONI<br>LIMOR GEFEN | Electronic wire transfer of $1,028 sent from A.G. in Florida to A.Y. in California at direction of Limor Gefen |
| 15 | 6/28/04 | AMIT M. EZYONI<br>ASAF NASS | Telephone call from T.P. in Louisiana to Asaf Nass in California regarding the inflated price of the move and requirement of full payment prior to delivery of goods |

All in violation of Title 18, United States Code, Sections 1343 and 2.

COUNTS SIXTEEN THROUGH TWENTY-THREE: (18 U.S.C. §§ 1951 and 2– Extortion;
Aiding and Abetting)

59.   Paragraphs 1 through 17 of the Introductory Allegations section and paragraphs 20 through 31 of Count One are realleged and incorporated as though fully set forth herein.

60.   On the dates set forth in the separate counts below, in the Northern District of California, and elsewhere, the defendants did knowingly, willfully, and unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect interstate commerce by means of extortion by demanding and receiving money for moving services from customers, said customers' consent having been induced by the defendants' wrongful use of fear of economic harm, in that, defendants threatened to withhold delivery of customers' goods unless they paid the money that the defendants demanded.

| COUNT | DATE | DEFENDANTS | VICTIM(S) |
| --- | --- | --- | --- |
| 16 | 3/7/03-5/11/03 | RANDY W. GOLDBERG<br>DAVID R. LAMONDIN<br>AMIT M. EZYONI<br>ASAF NASS | S.M. and N.G. |
| 17 | 4/30/03-7/7/03 | RANDY W. GOLDBERG<br>AMIT M. EZYONI<br>ASAF NASS<br>ELI KAUPP | T.M. |
| 18 | 9/23/03-11/28/03 | RANDY W. GOLDBERG<br>MATTHEW D. SANDOMIR<br>AMIT M. EZYONI<br>ASAF NASS | R.L. |

| | | | |
|---|---|---|---|
| 19 | 10/20/03–12/16/03 | RANDY W. GOLDBERG<br>CAROL HAEUSSLER<br>AMIT M. EZYONI<br>ASAF NASS<br>LIMOR GEFEN | L.R. |
| 20 | 11/18/03–12/20/03 | RANDY W. GOLDBERG<br>CHRISTOPHER A. SARIOL<br>AMIT M. EZYONI<br>ASAF NASS<br>BARAK BRAUNSHTAIN | C.M. |
| 21 | 1/20/04–3/10/04 | RANDY W. GOLDBERG<br>EDUARDO A. SUBIRATS | L.G. |
| 22 | 4/23/04–6/22/04 | RANDY W. GOLDBERG<br>STUART H. SHEINFELD<br>AMIT M. EZYONI<br>LIMOR GEFEN<br>BARAK BRAUNSHTAIN | A.G. |
| 23 | 5/5/04–8/6/04 | RANDY W. GOLDBERG<br>AMIT M. EZYONI<br>ASAF NASS | T.P. |

All in violation of Title 18, United States Code, Sections 1951 and 2.

COUNT TWENTY-FOUR:  (18 U.S.C. § 1956(h) – Conspiracy to Launder Monetary Instruments)

61. Paragraphs 1 through 17 of the Introductory Allegations section, paragraphs 20 through 31 of Count One, and the factual allegations contained in Counts Two through Twenty-Three are realleged and incorporated as though fully set forth herein.

62. From in or around April 2001 and continuing through approximately October 2005, in Santa Clara County, in the Northern District of California, and elsewhere, the defendants

AMIT M. EZYONI,
ASAF NASS, and
RANDY W. GOLDBERG

did knowingly conspire to conduct financial transactions affecting interstate commerce which in fact involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, and extortion, in violation of Title 18, United States Code, Section 1951, with the intent to promote that specific unlawful activity; in violation of Title 18, United States Code, Sections 1956(h) and 1956(a)(1)(A)(I).

1  COUNTS TWENTY-FIVE THROUGH TWENTY-EIGHT: (18 U.S.C. § 1956(a)(1)(A)(I) –
2                                                                 Money Laundering)

3          63.   Paragraphs 1 through 17 of the Introductory Allegations section, paragraphs 20

4  through 31 of Count One, the factual allegations contained inCounts Two through Twenty-Three,

5  and paragraph 3 of Count 24 are realleged and incorporated as though fully set forth herein.

6          64.   On or about the dates indicated for each Count below, in Santa Clara County, in the

7  Northern District of California, and elsewhere, the defendants, as listed below as to each count,

8  did knowingly conduct financial transactions affecting interstate commerce, to wit: the deposit of

9  monies into the AY business account, and the use of those funds to pay NMN and Randy

10  Goldberg, which involved the proceeds of a specified unlawful activity, that is, wire fraud and

11  extortion, as set forth in Counts Two through Twenty-Three, with the intent of promoting the

12  specified unlawful activity, to wit: wire fraud and extortion, as set forth in Counts Two through

13  Twenty-Three, and that while conducting and attempting to conduct such financial transactions

14  knew that the property involved in the financial transaction, that is the deposits and checks

15  summarized as follows, represented the proceeds of some form of unlawful activity:

| COUNT | DATE | DEFENDANT | FINANCIAL TRANSACTION |
|---|---|---|---|
| 25 | 5/2/03 | ASAF NASS | $1,500 wire transfer transmitted to AY from N.G. into AY business account Wells Fargo Acct #009-1460212 |
| 26 | 7/15/03 | AMIT M. EZYONI | $13,727.62 check payable to National Moving Network from AY business account Wells Fargo Acct #009-1460212 |
| 27 | 12/23/03 | AMIT M. EZYONI | $14,803.05 deposit into AY business account Wells Fargo Acct #009-1460212 |
| 28 | 1/9/04 | AMIT M. EZYONI | $34,640 check payable to Randy Goldberg from AY Business account Wells Fargo Acct #009-1460212 |

        All  in violation of Title 18, United States Code, Section 1956(a)(1)(A)(I).

FORFEITURE ALLEGATION:  (18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c) -
Forfeiture Of Wire Fraud and Extortion Proceeds)

65.  The factual allegations contained in paragraphs 1-17 of the Introductory Allegations and Counts One through Twenty-Four of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c).

66.      Upon a conviction of any of the offenses alleged in Counts One through Twenty-Four, the defendants,

AMIT M. EZYONI,
ASAF NASS,
a/k/a "Dan,"
LIMOR GEFEN,
a/k/a "Dana,"
ELI KAUPP,
DANIEL G. RANGEL,
BARAK BRAUNSHTAIN,
RANDY W. GOLDBERG,
BRANDI C. AYCOCK,
DAVID R. LAMONDIN,
MATTHEW D. SANDOMIR,
STUART H. SHEINFELD,
CAROL HAEUSSLER,
CHRISTOPHER A. SARIOL, and
EDUARDO A. SUBIRATS,

shall forfeit to the United States all property, real or personal, which constitutes and is derived from proceeds traceable to said offenses.

3.  If, as a result of any act or omission of the defendants, any of said property

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to or deposited with, a third person;

    c.     has been placed beyond the jurisdiction of the Court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be divided without difficulty;

1 │ any and all interest defendants have in any other property, up to value of the property described

2 │ in paragraph 2 above, shall be forfeited to the United States, pursuant to Title 21, United States

3 │ Code, Section 853(p), as incorporated by as incorporated by Title 28, United States Code,

4 │ Section 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure.

5 │ DATED: 12/12/07                                   A TRUE BILL.

6 │

7 │                                                   FOREPERSON

8 │ SCOTT N. SCHOOLS
   │ United States Attorney

9 │

10 │ MATTHEW A. PARRELLA
    │ Chief, San Jose Branch Office

11 │ (Approved as to form:

12 │                    AUSA NEDROW

13 │

...

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☐ SUPERSEDING

| **Name of District Court, and/or Judge/Magistrate Location** |
| NORTHERN DISTRICT OF CALIFORNIA |

---

**OFFENSE CHARGED**

SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:

SEE ATTACHED SHEET

*CR    07    00788    JF*

SEALED BY ORDER OF COURT

**DEFENDANT - U.S.**

AMIT E. EZYONI

**DISTRICT COURT NUMBER**

---

**PROCEEDING**
Name of Complaintant Agency, or Person (& Title, if any)

DAVE BROWN, FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM

SCOTT N. SCHOOLS

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)   JEFF NEDROW

---

**DEFENDANT**

**IS *NOT* IN CUSTODY**

1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges   } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes   If "Yes" give date filed
☐ No

**DATE OF ARREST** ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT   Bail Amount:  NONE

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

*1*

PENALTY SHEET FOR U.S. V. EZYONI ET AL

COUNT ONE–18 U.S.C. § 371–Conspiracy To Commit Wire Fraud and Extortion

All Defendants

Maximum Five Years Imprisonment
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWO THROUGH FIFTEEN–18 U.S.C. § 1343–Wire Fraud

Defendants Charged in Each Count

Counts Two through Six, Ten, Nine through Eleven, and Fifteen:
Defendants Ezyoni and Nass
Count Seven: Defendants Hauessler and Goldberg
Counts Eight, Thirteen and Fourteen: Defendants Ezyoni and Gefen
Count Twelve: Defendants Goldberg and Subirats

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS SIXTEEN THROUGH TWENTY-THREE–18 U.S.C. § 1951–Extortion

Defendants Charged in Each Count

Count Sixteen: Defendants Goldberg, Lamondin, Ezyoni, and Nass
Count Seventeen: Defendants Goldberg, Ezyoni, Nass, and Kaupp
Count Eighteen: Defendants Goldberg, Sandomir, Ezyoni, and Nass
Count Nineteen: Defendants Goldberg, Hauessler, Ezyoni, Nass, and Gefen
Count Twenty: Defendants Goldberg, Sariol, Ezyoni, Nass, and Braunshtain
Count Twenty-One: Defendants Goldberg and Subirats
Count Twenty-Two: Defendants Goldberg, Sheinfeld, Ezyoni, Gefen and Braunshtain
Count Twenty-Three: Defendants Goldberg, Ezyoni, and Nass

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNT TWENTY-FOUR–18 U.S.C. § 1956(h)–Conspiracy to Commit Money Laundering

Defendants Charged

Ezyoni, Nass, and Goldberg

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWENTY-FIVE THROUGH TWENTY-EIGHT–18 U.S.C. § 1956(a)(1)(A)(1)–Money Laundering

Defendants Charged
Count Twenty-Five: Defendant Nass
Counts Twenty-Six through Twenty-Eight: Defendant Ezyoni

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

FORFEITURE COUNT (All Defendants)

Forfeiture of all proceeds derived from the wire fraud and extortionate conduct alleged in the indictment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT

☐ SUPERSEDING

*FILED*

*SEALED BY ORDER OF COURT*

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

—— OFFENSE CHARGED ——

SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-
    meanor
☑ Felony

PENALTY:

SEE ATTACHED SHEET

—— DEFENDANT - U.S. ——

► ASAF NASS a/k/a "Dan"

DISTRICT COURT NUMBER

CR 07 00788 JF

**PVT**

—— PROCEEDING ——

Name of Complaintant Agency, or Person (&Title, if any)

DAVE BROWN, FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on
THIS FORM           SCOTT N. SCHOOLS

☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)           JEFF NEDROW

—— DEFENDANT ——

**IS *NOT* IN CUSTODY**

1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges          } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer
been filed?        ☐ Yes   } If "Yes"
                   ☐ No    give date
                           filed

DATE OF
ARREST  ►                Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ►       Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT   Bail Amount: NONE

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

PENALTY SHEET FOR U.S. V. EZYONI ET AL

COUNT ONE–18 U.S.C. § 371–Conspiracy To Commit Wire Fraud and Extortion

All Defendants

Maximum Five Years Imprisonment
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWO THROUGH FIFTEEN–18 U.S.C. § 1343–Wire Fraud

Defendants Charged in Each Count

Counts Two through Six, Ten, Nine through Eleven, and Fifteen:
Defendants Ezyoni and Nass
Count Seven: Defendants Hauessler and Goldberg
Counts Eight, Thirteen and Fourteen: Defendants Ezyoni and Gefen
Count Twelve: Defendants Goldberg and Subirats

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS SIXTEEN THROUGH TWENTY-THREE–18 U.S.C. § 1951–Extortion

Defendants Charged in Each Count

Count Sixteen: Defendants Goldberg, Lamondin, Ezyoni, and Nass
Count Seventeen: Defendants Goldberg, Ezyoni, Nass, and Kaupp
Count Eighteen: Defendants Goldberg, Sandomir, Ezyoni, and Nass
Count Nineteen: Defendants Goldberg, Hauessler, Ezyoni, Nass, and Gefen
Count Twenty: Defendants Goldberg, Sariol, Ezyoni, Nass, and Braunshtain
Count Twenty-One: Defendants Goldberg and Subirats
Count Twenty-Two: Defendants Goldberg, Sheinfeld, Ezyoni, Gefen and Braunshtain
Count Twenty-Three: Defendants Goldberg, Ezyoni, and Nass

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNT TWENTY-FOUR—18 U.S.C. § 1956(h)—Conspiracy to Commit Money Laundering

<u>Defendants Charged</u>

Ezyoni, Nass, and Goldberg

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWENTY-FIVE THROUGH TWENTY-EIGHT—18 U.S.C. § 1956(a)(1)(A)(1)—Money Laundering

<u>Defendants Charged</u>
Count Twenty-Five: Defendant Nass
Counts Twenty-Six through Twenty-Eight: Defendant Ezyoni

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

FORFEITURE COUNT (All Defendants)

Forfeiture of all proceeds derived from the wire fraud and extortionate conduct alleged in the indictment

AO 257 (Rev. 6/78)

**SEALED BY ORDER OF THE COURT**

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
    ☐ SUPERSEDING

─── OFFENSE CHARGED ───

SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:

SEE ATTACHED SHEET

| Name of District Court, and/or Judge/Magistrate Location |
| NORTHERN DISTRICT OF CALIFORNIA |

─── DEFENDANT - U.S. ───

▶ LIMOR GEFEN a/k/a "Dana"

**PVT**

DISTRICT COURT NUMBER

CR 07 00788 **JF**

─── PROCEEDING ───
Name of Complaintant Agency, or Person (&Title, if any)

DAVE BROWN, FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:  ☐ U.S. Att'y  ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on
THIS FORM          **SCOTT N. SCHOOLS**
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    JEFF NEDROW

─── DEFENDANT ───

**IS NOT IN CUSTODY**
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**FILED**
DEC 13 2007
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE CALIFORNIA

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges    ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No    If "Yes" give date filed

DATE OF ARREST ▶  Month/Day/Year

Or... If Arresting Agency & Warrant were not

DATE TRANSFERRED ▶  Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT    Bail Amount: NONE

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:
Before Judge:    3

Comments:

PENALTY SHEET FOR U.S. V. EZYONI ET AL

COUNT ONE–18 U.S.C. § 371–Conspiracy To Commit Wire Fraud and Extortion

All Defendants

Maximum Five Years Imprisonment
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWO THROUGH FIFTEEN–18 U.S.C. § 1343–Wire Fraud

Defendants Charged in Each Count

Counts Two through Six, Ten, Nine through Eleven, and Fifteen:
Defendants Ezyoni and Nass
Count Seven: Defendants Hauessler and Goldberg
Counts Eight, Thirteen and Fourteen: Defendants Ezyoni and Gefen
Count Twelve: Defendants Goldberg and Subirats

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS SIXTEEN THROUGH TWENTY-THREE–18 U.S.C. § 1951–Extortion

Defendants Charged in Each Count

Count Sixteen: Defendants Goldberg, Lamondin, Ezyoni, and Nass
Count Seventeen: Defendants Goldberg, Ezyoni, Nass, and Kaupp
Count Eighteen: Defendants Goldberg, Sandomir, Ezyoni, and Nass
Count Nineteen: Defendants Goldberg, Hauessler, Ezyoni, Nass, and Gefen
Count Twenty: Defendants Goldberg, Sariol, Ezyoni, Nass, and Braunshtain
Count Twenty-One: Defendants Goldberg and Subirats
Count Twenty-Two: Defendants Goldberg, Sheinfeld, Ezyoni, Gefen and Braunshtain
Count Twenty-Three: Defendants Goldberg, Ezyoni, and Nass

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

3

COUNT TWENTY-FOUR–18 U.S.C. § 1956(h)–Conspiracy to Commit Money Laundering

<u>Defendants Charged</u>

Ezyoni, Nass, and Goldberg

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWENTY-FIVE THROUGH TWENTY-EIGHT–18 U.S.C. § 1956(a)(1)(A)(1)–Money Laundering

<u>Defendants Charged</u>
Count Twenty-Five: Defendant Nass
Counts Twenty-Six through Twenty-Eight: Defendant Ezyoni

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

FORFEITURE COUNT (All Defendants)

Forfeiture of all proceeds derived from the wire fraud and extortionate conduct alleged in the indictment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT  ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

DEC 13 2007

**DEFENDANT - U.S.**

▶ ELI KAUPP

PVT

### OFFENSE CHARGED
SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:

SEE ATTACHED SHEET

SEALED BY ORDER OF COURT

DISTRICT COURT NUMBER

CR 07 00788-JF

### PROCEEDING
Name of Complaintant Agency, or Person (&Title, if any)

DAVE BROWN, FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM

SCOTT N. SCHOOLS

☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)   JEFF NEDROW

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
} ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?
☐ Yes
☐ No
} If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT   Bail Amount: NONE

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

PENALTY SHEET FOR U.S. V. EZYONI ET AL

COUNT ONE–18 U.S.C. § 371–Conspiracy To Commit Wire Fraud and Extortion

All Defendants

Maximum Five Years Imprisonment
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWO THROUGH FIFTEEN–18 U.S.C. § 1343–Wire Fraud

Defendants Charged in Each Count

Counts Two through Six, Ten, Nine through Eleven, and Fifteen:
Defendants Ezyoni and Nass
Count Seven: Defendants Hauessler and Goldberg
Counts Eight, Thirteen and Fourteen: Defendants Ezyoni and Gefen
Count Twelve: Defendants Goldberg and Subirats

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS SIXTEEN THROUGH TWENTY-THREE–18 U.S.C. § 1951–Extortion

Defendants Charged in Each Count

Count Sixteen: Defendants Goldberg, Lamondin, Ezyoni, and Nass
Count Seventeen: Defendants Goldberg, Ezyoni, Nass, and Kaupp
Count Eighteen: Defendants Goldberg, Sandomir, Ezyoni, and Nass
Count Nineteen: Defendants Goldberg, Hauessler, Ezyoni, Nass, and Gefen
Count Twenty: Defendants Goldberg, Sariol, Ezyoni, Nass, and Braunshtain
Count Twenty-One: Defendants Goldberg and Subirats
Count Twenty-Two: Defendants Goldberg, Sheinfeld, Ezyoni, Gefen and Braunshtain
Count Twenty-Three: Defendants Goldberg, Ezyoni, and Nass

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNT TWENTY-FOUR–18 U.S.C. § 1956(h)–Conspiracy to Commit Money Laundering

Defendants Charged

Ezyoni, Nass, and Goldberg

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWENTY-FIVE THROUGH TWENTY-EIGHT–18 U.S.C. § 1956(a)(1)(A)(1)–Money Laundering

Defendants Charged
Count Twenty-Five: Defendant Nass
Counts Twenty-Six through Twenty-Eight: Defendant Ezyoni

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

FORFEITURE COUNT (All Defendants)

Forfeiture of all proceeds derived from the wire fraud and extortionate conduct alleged in the indictment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

DEC 13 2007

### OFFENSE CHARGED
SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

**DEFENDANT - U.S.**

▶ DANIEL G. RANGEL

DISTRICT COURT NUMBER

PENALTY:

SEE ATTACHED SHEET

SEALED BY ORDER OF COURT

**CR 07 00788 JF PVT**

### PROCEEDING
**Name of Complainant Agency, or Person (&Title, if any)**

DAVE BROWN, FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

**SHOW DOCKET NO.**

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**MAGISTRATE CASE NO.**

Name and Office of Person Furnishing Information on THIS FORM

**SCOTT N. SCHOOLS**

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned) JEFF NEDROW

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of Institution

Has detainer been filed? ☐ Yes ☐ No

If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT Bail Amount: NONE

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

PENALTY SHEET FOR U.S. V. EZYONI ET AL

COUNT ONE–18 U.S.C. § 371–Conspiracy To Commit Wire Fraud and Extortion

<u>All Defendants</u>

Maximum Five Years Imprisonment
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWO THROUGH FIFTEEN–18 U.S.C. § 1343–Wire Fraud

<u>Defendants Charged in Each Count</u>

Counts Two through Six, Ten, Nine through Eleven, and Fifteen:
Defendants Ezyoni and Nass
Count Seven: Defendants Hauessler and Goldberg
Counts Eight, Thirteen and Fourteen: Defendants Ezyoni and Gefen
Count Twelve: Defendants Goldberg and Subirats

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS SIXTEEN THROUGH TWENTY-THREE–18 U.S.C. § 1951–Extortion

<u>Defendants Charged in Each Count</u>

Count Sixteen: Defendants Goldberg, Lamondin, Ezyoni, and Nass
Count Seventeen: Defendants Goldberg, Ezyoni, Nass, and Kaupp
Count Eighteen: Defendants Goldberg, Sandomir, Ezyoni, and Nass
Count Nineteen: Defendants Goldberg, Hauessler, Ezyoni, Nass, and Gefen
Count Twenty: Defendants Goldberg, Sariol, Ezyoni, Nass, and Braunshtain
Count Twenty-One: Defendants Goldberg and Subirats
Count Twenty-Two: Defendants Goldberg, Sheinfeld, Ezyoni, Gefen and Braunshtain
Count Twenty-Three: Defendants Goldberg, Ezyoni, and Nass

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

5

COUNT TWENTY-FOUR–18 U.S.C. § 1956(h)–Conspiracy to Commit Money Laundering

<u>Defendants Charged</u>

Ezyoni, Nass, and Goldberg

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWENTY-FIVE THROUGH TWENTY-EIGHT–18 U.S.C. § 1956(a)(1)(A)(1)–Money Laundering

<u>Defendants Charged</u>
Count Twenty-Five: Defendant Nass
Counts Twenty-Six through Twenty-Eight: Defendant Ezyoni

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

FORFEITURE COUNT (All Defendants)

Forfeiture of all proceeds derived from the wire fraud and extortionate conduct alleged in the indictment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED

SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:

SEE ATTACHED SHEET

SEALED BY ORDER
OF COURT

**DEFENDANT - U.S.**

FILED

DEC 13 2007

▶ BARAK BRAUNSHTAIN

DISTRICT COURT NUMBER

CR 07 00788 PVT JF

### PROCEEDING
Name of Complainant Agency, or Person (&Title, if any)

DAVE BROWN, FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

Name and Office of Person Furnishing Information on THIS FORM

SCOTT N. SCHOOLS

☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)  JEFF NEDROW

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges }  ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No }  If "Yes" give date filed

DATE OF ARREST ▶ _____  Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ _____  Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT  Bail Amount: NONE

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____

Before Judge: _____

Comments:

PENALTY SHEET FOR U.S. V. EZYONI ET AL

COUNT ONE–18 U.S.C. § 371–Conspiracy To Commit Wire Fraud and Extortion

All Defendants

Maximum Five Years Imprisonment
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWO THROUGH FIFTEEN–18 U.S.C. § 1343–Wire Fraud

Defendants Charged in Each Count

Counts Two through Six, Ten, Nine through Eleven, and Fifteen:
Defendants Ezyoni and Nass
Count Seven: Defendants Hauessler and Goldberg
Counts Eight, Thirteen and Fourteen: Defendants Ezyoni and Gefen
Count Twelve: Defendants Goldberg and Subirats

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS SIXTEEN THROUGH TWENTY-THREE–18 U.S.C. § 1951–Extortion

Defendants Charged in Each Count

Count Sixteen: Defendants Goldberg, Lamondin, Ezyoni, and Nass
Count Seventeen: Defendants Goldberg, Ezyoni, Nass, and Kaupp
Count Eighteen: Defendants Goldberg, Sandomir, Ezyoni, and Nass
Count Nineteen: Defendants Goldberg, Hauessler, Ezyoni, Nass, and Gefen
Count Twenty: Defendants Goldberg, Sariol, Ezyoni, Nass, and Braunshtain
Count Twenty-One: Defendants Goldberg and Subirats
Count Twenty-Two: Defendants Goldberg, Sheinfeld, Ezyoni, Gefen and Braunshtain
Count Twenty-Three: Defendants Goldberg, Ezyoni, and Nass

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

6

COUNT TWENTY-FOUR–18 U.S.C. § 1956(h)–Conspiracy to Commit Money
Laundering

<u>Defendants Charged</u>

Ezyoni, Nass, and Goldberg

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWENTY-FIVE THROUGH TWENTY-EIGHT–18 U.S.C. §
1956(a)(1)(A)(1)–Money Laundering

<u>Defendants Charged</u>
Count Twenty-Five: Defendant Nass
Counts Twenty-Six through Twenty-Eight: Defendant Ezyoni

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

FORFEITURE COUNT (All Defendants)

Forfeiture of all proceeds derived from the wire fraud and extortionate conduct alleged in
the indictment



AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION — IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT  
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

DEC 1 3 2007

---

### OFFENSE CHARGED

SEE ATTACHED SHEET

☐ Petty  
☐ Minor  
☐ Misde-meanor  
☑ Felony

PENALTY:

SEE ATTACHED SHEET

*SEALED BY ORDER OF COURT*

---

**DEFENDANT - U.S.**

► RANDY W. GOLDBERG

DISTRICT COURT NUMBER

**PVT**

**CR 07  00788  JF**

---

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)

DAVE BROWN, FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:  
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

---

Name and Office of Person Furnishing Information on THIS FORM

**SCOTT N. SCHOOLS**

☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)

JEFF NEDROW

---

### DEFENDANT

**IS NOT IN CUSTODY**

Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges  } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  } If "Yes" give date filed  
☐ No

**DATE OF ARREST** ►  Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ►  Month/Day/Year

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:  
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT  Bail Amount: NONE

If Summons, complete following:  
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

PENALTY SHEET FOR U.S. V. EZYONI ET AL

COUNT ONE–18 U.S.C. § 371–Conspiracy To Commit Wire Fraud and Extortion

All Defendants

Maximum Five Years Imprisonment
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWO THROUGH FIFTEEN–18 U.S.C. § 1343–Wire Fraud

Defendants Charged in Each Count

Counts Two through Six, Ten, Nine through Eleven, and Fifteen:
Defendants Ezyoni and Nass
Count Seven: Defendants Hauessler and Goldberg
Counts Eight, Thirteen and Fourteen: Defendants Ezyoni and Gefen
Count Twelve: Defendants Goldberg and Subirats

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS SIXTEEN THROUGH TWENTY-THREE–18 U.S.C. § 1951–Extortion

Defendants Charged in Each Count

Count Sixteen: Defendants Goldberg, Lamondin, Ezyoni, and Nass
Count Seventeen: Defendants Goldberg, Ezyoni, Nass, and Kaupp
Count Eighteen: Defendants Goldberg, Sandomir, Ezyoni, and Nass
Count Nineteen: Defendants Goldberg, Hauessler, Ezyoni, Nass, and Gefen
Count Twenty: Defendants Goldberg, Sariol, Ezyoni, Nass, and Braunshtain
Count Twenty-One: Defendants Goldberg and Subirats
Count Twenty-Two: Defendants Goldberg, Sheinfeld, Ezyoni, Gefen and Braunshtain
Count Twenty-Three: Defendants Goldberg, Ezyoni, and Nass

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNT TWENTY-FOUR–18 U.S.C. § 1956(h)–Conspiracy to Commit Money Laundering

<u>Defendants Charged</u>

Ezyoni, Nass, and Goldberg

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWENTY-FIVE THROUGH TWENTY-EIGHT–18 U.S.C. § 1956(a)(1)(A)(1)–Money Laundering

<u>Defendants Charged</u>
Count Twenty-Five: Defendant Nass
Counts Twenty-Six through Twenty-Eight: Defendant Ezyoni

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

FORFEITURE COUNT (All Defendants)

Forfeiture of all proceeds derived from the wire fraud and extortionate conduct alleged in the indictment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

SEALED BY ORDER OF COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
    ☐ SUPERSEDING

─── OFFENSE CHARGED ───

SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:

SEE ATTACHED SHEET

**CR**

─── Name of District Court, and/or Judge/Magistrate Location ───
NORTHERN DISTRICT OF CALIFORNIA

─── DEFENDANT - U.S. ───

▶ BRANDI C. AYCOCK        **PVT**

DISTRICT COURT NUMBER

**07   00788   JF**

─── PROCEEDING ───

Name of Complainant Agency, or Person (&Title, if any)

DAVE BROWN, FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. Att'y  ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

─── DEFENDANT ───

**IS NOT IN CUSTODY**
  Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

FILED
DEC 13 2007
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE, CALIFORNIA

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges     } ☐ Fed'l  ☐ State

   If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes  } If "Yes" give date filed
                           ☐ No

DATE OF ARREST ▶     Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶     Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

Name and Office of Person Furnishing Information on THIS FORM    **SCOTT N. SCHOOLS**
    ☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)    JEFF NEDROW

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT   Bail Amount: NONE

   If Summons, complete following:
   ☐ Arraignment  ☐ Initial Appearance

   *Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

PENALTY SHEET FOR U.S. V. EZYONI ET AL

COUNT ONE–18 U.S.C. § 371–Conspiracy To Commit Wire Fraud and Extortion

<u>All Defendants</u>

Maximum Five Years Imprisonment
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWO THROUGH FIFTEEN–18 U.S.C. § 1343–Wire Fraud

<u>Defendants Charged in Each Count</u>

Counts Two through Six, Ten, Nine through Eleven, and Fifteen:
Defendants Ezyoni and Nass
Count Seven: Defendants Hauessler and Goldberg
Counts Eight, Thirteen and Fourteen: Defendants Ezyoni and Gefen
Count Twelve: Defendants Goldberg and Subirats

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS SIXTEEN THROUGH TWENTY-THREE–18 U.S.C. § 1951–Extortion

<u>Defendants Charged in Each Count</u>

Count Sixteen: Defendants Goldberg, Lamondin, Ezyoni, and Nass
Count Seventeen: Defendants Goldberg, Ezyoni, Nass, and Kaupp
Count Eighteen: Defendants Goldberg, Sandomir, Ezyoni, and Nass
Count Nineteen: Defendants Goldberg, Hauessler, Ezyoni, Nass, and Gefen
Count Twenty: Defendants Goldberg, Sariol, Ezyoni, Nass, and Braunshtain
Count Twenty-One: Defendants Goldberg and Subirats
Count Twenty-Two: Defendants Goldberg, Sheinfeld, Ezyoni, Gefen and Braunshtain
Count Twenty-Three: Defendants Goldberg, Ezyoni, and Nass

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee



COUNT TWENTY-FOUR–18 U.S.C. § 1956(h)–Conspiracy to Commit Money Laundering

Defendants Charged

Ezyoni, Nass, and Goldberg

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWENTY-FIVE THROUGH TWENTY-EIGHT–18 U.S.C. § 1956(a)(1)(A)(1)–Money Laundering

Defendants Charged
Count Twenty-Five: Defendant Nass
Counts Twenty-Six through Twenty-Eight: Defendant Ezyoni

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

FORFEITURE COUNT (All Defendants)

Forfeiture of all proceeds derived from the wire fraud and extortionate conduct alleged in the indictment

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT

☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

---

**OFFENSE CHARGED**

SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

PENALTY:

SEE ATTACHED SHEET

*SEALED BY ORDER OF COURT*

**DEFENDANT - U.S.**

DEC 1 3 2007

▶ DAVID R. LAMONDIN

DISTRICT COURT NUMBER

CR 07 00788 PVT
JF

---

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)

DAVE BROWN, FBI

☐ person is awaiting trial in another Federal or State
   Court, give name of court

☐ this person/proceeding is transferred from another
   district per (circle one) FRCrP 20, 21 or 40. Show
   District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on
   motion of:                        SHOW
   ☐ U.S. Att'y ☐ Defense          DOCKET NO.

☐ this prosecution relates to a
   pending case involving this same
   defendant

☐ prior proceedings or appearance(s)    MAGISTRATE
   before U.S. Magistrate regarding      CASE NO.
   this defendant were recorded under ▶

Name and Office of Person
Furnishing Information on
THIS FORM            SCOTT N. SCHOOLS

☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    JEFF NEDROW

---

**DEFENDANT**

**IS NOT IN CUSTODY**

1) ☑ Has not been arrested, pending outcome this proceeding.
      If not detained give date any prior summons
      was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other } ☐ Fed'l ☐ State
      charges

      If answer to (6) is "Yes", show name of institution

Has detainer      ☐ Yes    If "Yes"
been filed?       ☐ No  } give date
                             filed

**DATE OF
ARREST** ▶                 Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY** ▶        Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:

☐ Arraignment  ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons
                                        or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

PENALTY SHEET FOR U.S. V. EZYONI ET AL

COUNT ONE–18 U.S.C. § 371–Conspiracy To Commit Wire Fraud and Extortion

<u>All Defendants</u>

Maximum Five Years Imprisonment
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWO THROUGH FIFTEEN–18 U.S.C. § 1343–Wire Fraud

<u>Defendants Charged in Each Count</u>

Counts Two through Six, Ten, Nine through Eleven, and Fifteen:
Defendants Ezyoni and Nass
Count Seven: Defendants Hauessler and Goldberg
Counts Eight, Thirteen and Fourteen: Defendants Ezyoni and Gefen
Count Twelve: Defendants Goldberg and Subirats

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS SIXTEEN THROUGH TWENTY-THREE–18 U.S.C. § 1951–Extortion

<u>Defendants Charged in Each Count</u>

Count Sixteen: Defendants Goldberg, Lamondin, Ezyoni, and Nass
Count Seventeen: Defendants Goldberg, Ezyoni, Nass, and Kaupp
Count Eighteen: Defendants Goldberg, Sandomir, Ezyoni, and Nass
Count Nineteen: Defendants Goldberg, Hauessler, Ezyoni, Nass, and Gefen
Count Twenty: Defendants Goldberg, Sariol, Ezyoni, Nass, and Braunshtain
Count Twenty-One: Defendants Goldberg and Subirats
Count Twenty-Two: Defendants Goldberg, Sheinfeld, Ezyoni, Gefen and Braunshtain
Count Twenty-Three: Defendants Goldberg, Ezyoni, and Nass

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNT TWENTY-FOUR–18 U.S.C. § 1956(h)–Conspiracy to Commit Money Laundering

<u>Defendants Charged</u>

Ezyoni, Nass, and Goldberg

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWENTY-FIVE THROUGH TWENTY-EIGHT–18 U.S.C. § 1956(a)(1)(A)(1)–Money Laundering

<u>Defendants Charged</u>
Count Twenty-Five: Defendant Nass
Counts Twenty-Six through Twenty-Eight: Defendant Ezyoni

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

FORFEITURE COUNT (All Defendants)

Forfeiture of all proceeds derived from the wire fraud and extortionate conduct alleged in the indictment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT

☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

DEC 13 2007

### OFFENSE CHARGED

SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:

SEE ATTACHED SHEET    SEALED BY ORDER OF COURT

**DEFENDANT - U.S.**

▶ MATTHEW D. SANDOMIR

DISTRICT COURT NUMBER

CR 07 00788 JF

PVT

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)

DAVE BROWN, FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM    SCOTT N. SCHOOLS
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)  JEFF NEDROW

### DEFENDANT

**IS NOT IN CUSTODY**
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

} ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST ▶
Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶
Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

PENALTY SHEET FOR U.S. V. EZYONI ET AL

COUNT ONE–18 U.S.C. § 371–Conspiracy To Commit Wire Fraud and Extortion

All Defendants

Maximum Five Years Imprisonment
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWO THROUGH FIFTEEN–18 U.S.C. § 1343–Wire Fraud

Defendants Charged in Each Count

Counts Two through Six, Ten, Nine through Eleven, and Fifteen:
Defendants Ezyoni and Nass
Count Seven: Defendants Hauessler and Goldberg
Counts Eight, Thirteen and Fourteen: Defendants Ezyoni and Gefen
Count Twelve: Defendants Goldberg and Subirats

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS SIXTEEN THROUGH TWENTY-THREE–18 U.S.C. § 1951–Extortion

Defendants Charged in Each Count

Count Sixteen: Defendants Goldberg, Lamondin, Ezyoni, and Nass
Count Seventeen: Defendants Goldberg, Ezyoni, Nass, and Kaupp
Count Eighteen: Defendants Goldberg, Sandomir, Ezyoni, and Nass
Count Nineteen: Defendants Goldberg, Hauessler, Ezyoni, Nass, and Gefen
Count Twenty: Defendants Goldberg, Sariol, Ezyoni, Nass, and Braunshtain
Count Twenty-One: Defendants Goldberg and Subirats
Count Twenty-Two: Defendants Goldberg, Sheinfeld, Ezyoni, Gefen and Braunshtain
Count Twenty-Three: Defendants Goldberg, Ezyoni, and Nass

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNT TWENTY-FOUR–18 U.S.C. § 1956(h)–Conspiracy to Commit Money Laundering

<u>Defendants Charged</u>

Ezyoni, Nass, and Goldberg

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWENTY-FIVE THROUGH TWENTY-EIGHT–18 U.S.C. § 1956(a)(1)(A)(1)–Money Laundering

<u>Defendants Charged</u>
Count Twenty-Five: Defendant Nass
Counts Twenty-Six through Twenty-Eight: Defendant Ezyoni

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

FORFEITURE COUNT (All Defendants)

Forfeiture of all proceeds derived from the wire fraud and extortionate conduct alleged in the indictment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

─ **OFFENSE CHARGED** ─

SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:

SEE ATTACHED SHEET

SEALED BY ORDER OF COURT

─ **DEFENDANT - U.S.** ─

DEC 13 2007

STUART H. SHEINFELD

DISTRICT COURT NUMBER

CR 07 00788 JF PVT

─ **PROCEEDING** ─
Name of Complaintant Agency, or Person (&Title, if any)

DAVE BROWN, FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM
SCOTT N. SCHOOLS
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)    JEFF NEDROW

─ **DEFENDANT** ─

**IS NOT IN CUSTODY**
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges
} ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of Institution

Has detainer been filed?  ☐ Yes  ☐ No
} If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

─ **ADDITIONAL INFORMATION OR COMMENTS** ─

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

PENALTY SHEET FOR U.S. V. EZYONI ET AL

COUNT ONE–18 U.S.C. § 371–Conspiracy To Commit Wire Fraud and Extortion

All Defendants

Maximum Five Years Imprisonment
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWO THROUGH FIFTEEN–18 U.S.C. § 1343–Wire Fraud

Defendants Charged in Each Count

Counts Two through Six, Ten, Nine through Eleven, and Fifteen:
Defendants Ezyoni and Nass
Count Seven: Defendants Hauessler and Goldberg
Counts Eight, Thirteen and Fourteen: Defendants Ezyoni and Gefen
Count Twelve: Defendants Goldberg and Subirats

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS SIXTEEN THROUGH TWENTY-THREE–18 U.S.C. § 1951–Extortion

Defendants Charged in Each Count

Count Sixteen: Defendants Goldberg, Lamondin, Ezyoni, and Nass
Count Seventeen: Defendants Goldberg, Ezyoni, Nass, and Kaupp
Count Eighteen: Defendants Goldberg, Sandomir, Ezyoni, and Nass
Count Nineteen: Defendants Goldberg, Hauessler, Ezyoni, Nass, and Gefen
Count Twenty: Defendants Goldberg, Sariol, Ezyoni, Nass, and Braunshtain
Count Twenty-One: Defendants Goldberg and Subirats
Count Twenty-Two: Defendants Goldberg, Sheinfeld, Ezyoni, Gefen and Braunshtain
Count Twenty-Three: Defendants Goldberg, Ezyoni, and Nass

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNT TWENTY-FOUR–18 U.S.C. § 1956(h)–Conspiracy to Commit Money Laundering

Defendants Charged

Ezyoni, Nass, and Goldberg

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWENTY-FIVE THROUGH TWENTY-EIGHT–18 U.S.C. §
1956(a)(1)(A)(1)–Money Laundering

Defendants Charged
Count Twenty-Five: Defendant Nass
Counts Twenty-Six through Twenty-Eight: Defendant Ezyoni

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

FORFEITURE COUNT (All Defendants)

Forfeiture of all proceeds derived from the wire fraud and extortionate conduct alleged in the indictment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

DEC 13 2007

### OFFENSE CHARGED
SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:

SEE ATTACHED SHEET

SEALED BY ORDER OF COURT

CR

── DEFENDANT - U.S. ──

▶ CAROL HAEUSSLER

DISTRICT COURT NUMBER

07   00788   PVT JF

── PROCEEDING ──

**Name of Complaintant Agency, or Person (&Title, if any)**

DAVE BROWN, FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM

**SCOTT N. SCHOOLS**

☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)    JEFF NEDROW

── DEFENDANT ──

**IS NOT IN CUSTODY**

1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
} ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?
☐ Yes  If "Yes" give date filed
☐ No

DATE OF ARREST ▶ _____ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ _____ Month/Day/Year

☐ This report amends AO 257 previously submitted

── ADDITIONAL INFORMATION OR COMMENTS ──

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments:

PENALTY SHEET FOR U.S. V. EZYONI ET AL

COUNT ONE–18 U.S.C. § 371–Conspiracy To Commit Wire Fraud and Extortion

<u>All Defendants</u>

Maximum Five Years Imprisonment
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWO THROUGH FIFTEEN–18 U.S.C. § 1343–Wire Fraud

<u>Defendants Charged in Each Count</u>

Counts Two through Six, Ten, Nine through Eleven, and Fifteen:
Defendants Ezyoni and Nass
Count Seven: Defendants Hauessler and Goldberg
Counts Eight, Thirteen and Fourteen: Defendants Ezyoni and Gefen
Count Twelve: Defendants Goldberg and Subirats

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS SIXTEEN THROUGH TWENTY-THREE–18 U.S.C. § 1951–Extortion

<u>Defendants Charged in Each Count</u>

Count Sixteen: Defendants Goldberg, Lamondin, Ezyoni, and Nass
Count Seventeen: Defendants Goldberg, Ezyoni, Nass, and Kaupp
Count Eighteen: Defendants Goldberg, Sandomir, Ezyoni, and Nass
Count Nineteen: Defendants Goldberg, Hauessler, Ezyoni, Nass, and Gefen
Count Twenty: Defendants Goldberg, Sariol, Ezyoni, Nass, and Braunshtain
Count Twenty-One: Defendants Goldberg and Subirats
Count Twenty-Two: Defendants Goldberg, Sheinfeld, Ezyoni, Gefen and Braunshtain
Count Twenty-Three: Defendants Goldberg, Ezyoni, and Nass

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNT TWENTY-FOUR–18 U.S.C. § 1956(h)–Conspiracy to Commit Money Laundering

Defendants Charged

Ezyoni, Nass, and Goldberg

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWENTY-FIVE THROUGH TWENTY-EIGHT–18 U.S.C. § 1956(a)(1)(A)(1)–Money Laundering

Defendants Charged
Count Twenty-Five: Defendant Nass
Counts Twenty-Six through Twenty-Eight: Defendant Ezyoni

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

FORFEITURE COUNT (All Defendants)

Forfeiture of all proceeds derived from the wire fraud and extortionate conduct alleged in the indictment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

─── OFFENSE CHARGED ───

SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:

SEE ATTACHED SHEET

SEALED BY ORDER OF COURT

**DEFENDANT - U.S.**

DEC 13 2007

▶ CHRISTOPHER A. SARIOL

DISTRICT COURT NUMBER

CR 07 00788 JF PVT

─── PROCEEDING ───
Name of Complaintant Agency or Person (&Title, if any)

DAVE BROWN, FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:   ☐ U.S. Att'y   ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM    **SCOTT N. SCHOOLS**

☑ U.S. Att'y   ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)    JEFF NEDROW

─── DEFENDANT ───

**IS NOT IN CUSTODY**
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges   } ☐ Fed'l   ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No   } If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year

Or... If Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS   ☑ NO PROCESS*   ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

PENALTY SHEET FOR U.S. V. EZYONI ET AL

COUNT ONE–18 U.S.C. § 371–Conspiracy To Commit Wire Fraud and Extortion

<u>All Defendants</u>

Maximum Five Years Imprisonment
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWO THROUGH FIFTEEN–18 U.S.C. § 1343–Wire Fraud

<u>Defendants Charged in Each Count</u>

Counts Two through Six, Ten, Nine through Eleven, and Fifteen:
Defendants Ezyoni and Nass
Count Seven: Defendants Hauessler and Goldberg
Counts Eight, Thirteen and Fourteen: Defendants Ezyoni and Gefen
Count Twelve: Defendants Goldberg and Subirats

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS SIXTEEN THROUGH TWENTY-THREE–18 U.S.C. § 1951–Extortion

<u>Defendants Charged in Each Count</u>

Count Sixteen: Defendants Goldberg, Lamondin, Ezyoni, and Nass
Count Seventeen: Defendants Goldberg, Ezyoni, Nass, and Kaupp
Count Eighteen: Defendants Goldberg, Sandomir, Ezyoni, and Nass
Count Nineteen: Defendants Goldberg, Hauessler, Ezyoni, Nass, and Gefen
Count Twenty: Defendants Goldberg, Sariol, Ezyoni, Nass, and Braunshtain
Count Twenty-One: Defendants Goldberg and Subirats
Count Twenty-Two: Defendants Goldberg, Sheinfeld, Ezyoni, Gefen and Braunshtain
Count Twenty-Three: Defendants Goldberg, Ezyoni, and Nass

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNT TWENTY-FOUR–18 U.S.C. § 1956(h)–Conspiracy to Commit Money
Laundering

<u>Defendants Charged</u>

Ezyoni, Nass, and Goldberg

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWENTY-FIVE THROUGH TWENTY-EIGHT–18 U.S.C. §
1956(a)(1)(A)(1)–Money Laundering

<u>Defendants Charged</u>
Count Twenty-Five: Defendant Nass
Counts Twenty-Six through Twenty-Eight: Defendant Ezyoni

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

FORFEITURE COUNT (All Defendants)

Forfeiture of all proceeds derived from the wire fraud and extortionate conduct alleged in
the indictment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
   ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

DEC 13 2007

### OFFENSE CHARGED
SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
SEE ATTACHED SHEET

SEALED BY ORDER OF COURT

CR

### DEFENDANT - U.S.

▶ EDUARDO A. SUBIRATS

**PVT**

DISTRICT COURT NUMBER

07  00788  JF

### PROCEEDING
Name of Complaintant Agency, or Person (&Title, if any)

DAVE BROWN, FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM    **SCOTT N. SCHOOLS**
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)    JEFF NEDROW

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
  } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?
☐ Yes
☐ No
} If "Yes" give date filed

**DATE OF ARREST** ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:
Before Judge:

Comments:

PENALTY SHEET FOR U.S. V. EZYONI ET AL

COUNT ONE–18 U.S.C. § 371–Conspiracy To Commit Wire Fraud and Extortion

<u>All Defendants</u>

Maximum Five Years Imprisonment
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWO THROUGH FIFTEEN–18 U.S.C. § 1343–Wire Fraud

<u>Defendants Charged in Each Count</u>

Counts Two through Six, Ten, Nine through Eleven, and Fifteen:
Defendants Ezyoni and Nass
Count Seven: Defendants Hauessler and Goldberg
Counts Eight, Thirteen and Fourteen: Defendants Ezyoni and Gefen
Count Twelve: Defendants Goldberg and Subirats

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS SIXTEEN THROUGH TWENTY-THREE–18 U.S.C. § 1951–Extortion

<u>Defendants Charged in Each Count</u>

Count Sixteen: Defendants Goldberg, Lamondin, Ezyoni, and Nass
Count Seventeen: Defendants Goldberg, Ezyoni, Nass, and Kaupp
Count Eighteen: Defendants Goldberg, Sandomir, Ezyoni, and Nass
Count Nineteen: Defendants Goldberg, Hauessler, Ezyoni, Nass, and Gefen
Count Twenty: Defendants Goldberg, Sariol, Ezyoni, Nass, and Braunshtain
Count Twenty-One: Defendants Goldberg and Subirats
Count Twenty-Two: Defendants Goldberg, Sheinfeld, Ezyoni, Gefen and Braunshtain
Count Twenty-Three: Defendants Goldberg, Ezyoni, and Nass

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNT TWENTY-FOUR–18 U.S.C. § 1956(h)–Conspiracy to Commit Money Laundering

Defendants Charged

Ezyoni, Nass, and Goldberg

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

COUNTS TWENTY-FIVE THROUGH TWENTY-EIGHT–18 U.S.C. § 1956(a)(1)(A)(1)–Money Laundering

Defendants Charged
Count Twenty-Five: Defendant Nass
Counts Twenty-Six through Twenty-Eight: Defendant Ezyoni

Maximum 20 years imprisonment for each count
Maximum $250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

FORFEITURE COUNT (All Defendants)

Forfeiture of all proceeds derived from the wire fraud and extortionate conduct alleged in the indictment