# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Steven M. Larimore
Court Administrator * Clerk of Court

299 East Broward Boulevard
Fort Lauderdale, Florida 33301
(954)769-5403

January 24, 2008

FILED
JAN 2 9 2008
CLERK
NORTHERN DISTRICT COURT
CALIFORNIA

PHILIP BURTON
UNITED STATES COURTHOUSE
16TH FLOOR
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102-3434
415-522-2000
IN RE:  USA vs. BRANDY C. AYCOCK
Our Case No: 08-6015-SNOW
Your Case No: CR-07-00788-07-JF

Dear Fellow Clerk:

Please find enclosed our original Magistrate file and a copy of the docket sheet which is being transferred to your jurisdiction pursuant to an Order of Removal (Rule 40).   Any cash bond which may have been posted will be forwarded at a later date from the Financial Section of this District.

Please acknowledge receipt on the copy of this letter.

Respectfully,

STEVEN M. LARIMORE
COURT ADMINISTRATOR/CLERK OF COURT

by: _____
    Aaron Tijerino, Deputy Clerk

Receipt acknowledged by: _____

                    Print Name: _____

                    Title: _____

                    Date: _____

---

*The Mission of the Clerk's Office for the Southern District of Florida is to be the mechanism for the judges, the bar, litigants, and the public, to resolve disputes in a just and efficient manner.*

CLOSED

# U.S. District Court
## Southern District of Florida (Ft. Lauderdale)
## CRIMINAL DOCKET FOR CASE #: 0:08-mj-06015-LSS-ALL
## Internal Use Only

Case title: USA v. Aycock                          Date Filed: 01/17/2008

Assigned to: Magistrate Judge Lurana
S. Snow

**Defendant**
**Brandi C. Aycock** (1)
*DOB *1976* USMS 77542-004*

**Pending Counts**                    **Disposition**
None

**Highest Offense Level (Opening)**
None

**Terminated Counts**                 **Disposition**
None

**Highest Offense Level (Terminated)**
None

**Complaints**                        **Disposition**
18:371.F CONSPIRACY TO
DEFRAUD THE UNITED STATES

**Plaintiff**
**USA**                    represented by    **Robin Waugh-Farretta**
                                              United States Attorney's Office
                                              500 E Broward Boulevard
                                              7th Floor
                                              Fort Lauderdale, FL 33301-3002
                                              954-660-5692
                                              Fax: 356-7336
                                              Email: robin.waugh@usdoj.gov

Certified to be a true and
correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida
By
Deputy Clerk
Date 1-24-08

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/17/2008 | 1 | Magistrate Removal of Indictment from Northern District of California as to Brandi C. Aycock Case number in the other District CR-07-00788-08-JF as to Brandi C. Aycock. (at) (Entered: 01/17/2008) |
| 01/17/2008 | 2 | Report Commencing Criminal Action as to Brandi C. Aycock - DOB: **/**/*1976* Prisoner #: 77542-004 (at) (Entered: 01/17/2008) |
| 01/17/2008 | | Arrest of Brandi C. Aycock (at) (Entered: 01/17/2008) |
| 01/17/2008 | 3 | Order on Initial Appearance as to Brandi C. Aycock for proceeding held on 1/17/2008 Bond Hearing set for 1/18/2008 01:00 PM in Fort Lauderdale Division before Magistrate Judge Lurana S. Snow. Removal Hearing set for 1/18/2008 01:00 PM before Magistrate Judge Lurana S. Snow. Report Re: Counsel Hearing set for 1/18/2008 01:00 PM in Fort Lauderdale Division before Magistrate Judge Lurana S. Snow. (Signed by Magistrate Judge Lurana S. Snow on 1/17/08.) (at) (Entered: 01/17/2008) |
| 01/17/2008 | 4 | Minute Entry for proceedings held before Judge Lurana S. Snow :Initial Appearance as to Brandi C. Aycock held on 1/17/2008. Deft advised of charges. New name is Yurgealitis. (Tape #LSS-08-003-1400-1600/2200.) (at) (Entered: 01/17/2008) |
| 01/18/2008 | 5 | Minute Entry for proceedings held before Judge Lurana S. Snow :Report Re: Counsel Hearing as to Brandi C. Aycock held on 1/18/2008, Bond Hearing as to Brandi C. Aycock held on 1/18/2008. $200,000 CSB. Deft waives removal order of removal to be signed. Special Conditions: Surrender all passports and travel documents to the Pretrial Services Office;Report to Pretrial Services as directed;May travel to and from ND/CA location and must notify Pretrial Services of travel plans before leaving and upon return.; (Tape #LSS-08-003-2563.) (at) (Entered: 01/18/2008) |
| 01/18/2008 | 6 | $200,000 CSB Bond Entered as to Brandi C. Aycock Receipt # IS250K-3060. Approved by Judge Lurana S. Snow Special Conditions: Surrender all passports and travel documents to the Pretrial Services Office;Report to Pretrial Services as directed;May travel to ND/CA and from location and must notify Pretrial Services of travel plans before leaving and upon return.; (at) (Entered: 01/24/2008) |
| 01/18/2008 | 7 | WAIVER OF REMOVAL HEARING of Rule 5(c)(3) Hearing by Brandi C. Aycock (at) (Entered: 01/24/2008) |
| 01/18/2008 | 8 | ORDER OF REMOVAL as to Brandi C. Aycock re 7 Waiver of Rule 5(c)(3) Hearing filed by Brandi C. Aycock, (Signed by Magistrate Judge Lurana S. Snow on 1/18/08.) (at) (Entered: 01/24/2008) |
| 01/24/2008 | 9 | Transmittal Letter as to Brandi C. Aycock sent to ND of California with |

Case 0:08-cr-00-00-Document 15

| | | |
|---|---|---|
| | | Originals and Certified Copy of Docket Sheet (at) (Entered: 01/24/2008) |
| 01/24/2008 | | ***Set/Clear Flags as to Brandi C. Aycock (at) (Entered: 01/24/2008) |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND:_____

CASE NO.:____ *08-6015-LSS*

UNITED STATES OF AMERICA
          Plaintiff,                              JAIL #_____

v.

*Brandi Aycock*
                    Defendant,
_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ *200,000 Corporate Surety*.

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1.  Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2.  May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

3.  May not change his or her present address as recorded on page 5 of this bond without prior permission in writing from the court.

4.  Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5.  Shall not commit any act in violation of state or federal laws.



DEFENDANT: _Nycock_

CASE NUMBER: _0 8 - 00157SS_

PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below: _surrender of passport within 48 hrs re_

☑ a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case;

☑ b. Report to Pretrial Services as follows: _as directed_ or _____ times in person and _____ times by telephone;

___ c. Submit to substance abuse testing and/or treatment as directed by Pretrial Services;

___ d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

___ e. Participate in mental health assessment and/or treatment;

___ f. Participate and undergo a sex offense specific evaluation and treatment;

___ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

___ i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

___ j. Refrain from possessing a firearm, destructive device or other dangerous weapons;

___ k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own, real or personal, until the bond is discharged, or otherwise modified by the Court;

___ l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.*;

___ m. No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's*), and follow instructions as outlined in the agreement waiver provided to you by Pretrial Services;

___ n. **HOME CONFINEMENT PROGRAM**   The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which (  ) will not or (  ) will include electronic monitoring or other location verification system, paid for by the defendant *based upon his/her ability to pay* (  ) or paid for by Pretrial Services (  ).

   _____ **Curfew:** You are restricted to your residence every day from _____ to _____, or as directed by the Court.

   _____ **Home Detention:** You are restricted to your residence at all times except for: (  ) medical needs or treatment, (  ) court appearances, (  ) attorney visits or court ordered obligations, and (  ) other _____

___ o. **HALFWAY HOUSE PLACEMENT**   The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program.
   You are restricted to the halfway house at all times except for: (  ) employment; (  ) education; (  ) religious services; (  ) medical, substance abuse, or mental health treatment; (  ) attorney visits; (  ) court appearances; (  ) court ordered obligations; (  ) reporting to Pretrial Services; and (  ) other _____

☑ p. May travel to and from: _ND/CA_____, and must notify Pretrial Services of travel plans before leaving and upon return.

___ q. Comply with the following additional conditions of bond:

   _____

   _____

DEFENDANT: _Aycock_
CASE NUMBER: _08-6015-LSS_
PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1)    an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)    an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)    any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)    a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: _Aycock_

CASE NUMBER: _08-6015-18_

PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it as been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _18_ day of _January_, _2008_ at _Ft. Lauderdale_, Florida.

Signed and acknowledged before me:

WITNESS: _____    DEFENDANT:(Signature) _____

_Davie_                                _Florida_

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾           city              state

    city              state

### CORPORATE SURETY

Signed this _18_ day of _January_, _2007_ at _Ft Lauderdale_, Florida.

SURETY: _International Fidelity Ins Co._    AGENT:(Signature) _____

_Miami_          _Florida_              PRINT NAME: _Lila McCasa Avery_

    city              state

### INDIVIDUAL SURETIES

Signed this __ day of ____, _2007_, at _____, Florida.          Signed this __ day of ____, _2007_ at _____, Florida.

SURETY:(Signature) _____    SURETY:(Signature) _____

PRINT NAME: _____           PRINT NAME: _____

RELATIONSHIP TO                             RELATIONSHIP TO

DEFENDANT: _____            DEFENDANT: _____

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾         ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

    city              state                    city              state

## APPROVAL BY COURT

Date: _1-18-08_                _Lurana S. Snow_

                              **UNITED STATES MAGISTRATE JUDGE**

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, U.S. Marshal, Pretrial Services

## DO NOT SCAN THIS PAGE

DEFENDANT: Brandi Aycock
CASE NUMBER: 08-6015 LW
PAGE FIVE

### PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

### SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it as been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 18 day of January, 2008 at Ft. Lauderdale, Florida.
Signed and acknowledged before me:                     DEFENDANT:(Signature)_____
WITNESS:_____           ADDRESS: 7839 Silverado Ct.
ADDRESS:_____           Davie      Fl.      ZIP 33024
_____ ZIP _____           TELEPHONE:_____

### CORPORATE SURETY

Signed this 18 day of January, 2008 at Ft Lauderdale, Florida
SURETY: International Fidelity Ins Co.           AGENT:(Signature)_____
ADDRESS: 1390 NW 6 St                           PRINT NAME: J.A.M. Cruz Perez
Miami     Fl.      ZIP 33125                      TELEPHONE: 305 545-9888

### INDIVIDUAL SURETIES

Signed this__day of _____, 2007, at _____, Florida.     Signed this__day of _____, 2007 at _____, Florida.
SURETY:(Signature)_____                       SURETY:(Signature)_____
PRINT NAME:_____                              PRINT NAME:_____
RELATIONSHIP TO                                         RELATIONSHIP TO
DEFENDANT:_____                               DEFENDANT:_____
ADDRESS:_____                                 ADDRESS:_____
_____ ZIP _____                        _____ ZIP _____
TELEPHONE:_____                               TELEPHONE:_____

VERIFY FIRST - THIS DOCUMENT IS PRINTED IN BLUE, RED & BLACK INKS.

| Only the original Power of Attorney will bind this Surety. | | POWER NUMBER | IS250K-3060 |
|---|---|---|---|

## POWER OF ATTORNEY

INTERNATIONAL FIDELITY INSURANCE COMPANY
P.O. BOX 9810, CALABASAS, CA 91372-9810    (800) 935-2245

233,233    POWER AMOUNT $    250,000

**THIS POWER VOID IF NOT USED BY:** December 31, 2008

KNOW ALL MEN BY THESE PRESENTS, that INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation duly organized and existing under the laws of the State of New Jersey, has constituted and appointed, and does hereby constitute and appoint, its true and lawful Attorney-in-Fact, with full power and authority to sign the company's name and affix its corporate seal to, and deliver on its behalf as surety, any and all obligations as herein provided, and the execution of such obligations in pursuance of these presents shall be as binding upon the company as fully and to all intents and purposes as if done by the regularly elected officers of said company at its home office in their own proper person, and the said company hereby ratifies and confirms all and whatsoever its said Attorney-in-Fact may lawfully do and perform in the premises by virtue of these presents.

THIS POWER OF ATTORNEY IS VOID IF ALTERED OR ERASED, THE OBLIGATION OF THE COMPANY SHALL NOT EXCEED THE SUM OF

TWO HUNDRED FIFTY THOUSAND************************************

AND MAY BE EXECUTED FOR RECOGNIZANCE ON CRIMINAL BAIL BONDS ONLY.

Authority of such Attorney-in-Fact is limited to the execution of appearance bonds and cannot be construed to guarantee defendant's future lawful conduct, adherence to travel limitation, fines, restitution, payments or penalties, or any other condition imposed by a court not specifically related to court appearances. A separate Power of Attorney must be attached to each bond executed. Powers of Attorney must not be returned to Attorney-in-Fact, but should remain a permanent part of the court records.

Bond Amt $  200,000

Defendant  Brandi Prycock

Case # 02-6015 LSS    DOB:

Offense    Appearance Date

Court County  Broward

Court City  Ft Lauderdale    Court State  FL    Div./Dept. US District

If rewrite, give orig. power #    ☐ Increase  ☐ Decrease

Executing Agent  Libra Carlson

Date Executed  1-18-08

*NOTICE: Stacking of Powers is strictly prohibited. No more than one power from this Surety may be used to post any one bail amount.*

IN WITNESS WHEREOF, said INTERNATIONAL FIDELITY INSURANCE COMPANY, by virtue of authority conferred by its Board of Directors, has caused these presents to be sealed with its corporate seal, signed by its Chairman of the Board and attested by its Secretary, this 23rd day of March, 1998.

Francis Mitchell, Chairman of the Board

Norman Komita, Secretary

NOT VALID FOR IMMIGRATION

Signature if applicable, add your COURT assigned Agent #

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-6015-LSS

UNITED STATES OF AMERICA

vs                          ORDER OF REMOVAL

BRANDI AYCOCK                          /

It appearing that in the Northern District of California an indictment was returned against the above-named defendant on a charge of (wire fraud) that the defendant was arrested in the Southern District of Florida and was given a hearing before a United States Magistrate Judge at Fort Lauderdale, Florida, which official committed the defendant for removal to the Northern District of California, it is

ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge for removal and posted bail in the amount of $200,000 CORPORATE SURETY BOND which was approved by the United States Magistrate Judge, and it is further

ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bail bond furnished by the defendant, and it is further

ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

DONE AND ORDERED at Fort Lauderdale, Florida this 18 day of January, 2008.


LURANA S. SNOW
U. S. MAGISTRATE JUDGE

cc:  Miami, Financial

SCANNED

# UNITED STATES DISTRICT COURT
## FOR THE

### SOUTHERN DISTRICT OF FLORIDA

Case No: 08-6015-LSS

United States of America

v                    **WAIVER OF REMOVAL HEARING**

**BRANDI AYCOCK**

I , BRANDI AYCOCK, charged in a proceeding pending in the NORTHERN District of CALIFORNIA , with violation of          (wire fraud) and having been arrested in the Southern District of Florida and taken before Lurana S. Snow, a United States Magistrate Judge for that district, who informed me of the charge and of my right to retain counsel or request the assignment of counsel if I am unable to retain counsel, and to have a hearing or execute a waiver thereof, do hereby waive a hearing before the aforementioned magistrate judge and consent to the issuance of a warrant for my removal to the NORTHERN District of CALIFORNIA where the aforesaid charge is pending against me.

...............January 18......................., 2008        .............................................................
                                                                              Signature of defendant

.....................................................................
Lurana S. Snow
United States Magistrate Judge

SCANNED

## COURT MINUTES

## U.S. MAGISTRATE JUDGE LURANA S. SNOW - FT. LAUDERDALE, FLORIDA
(LSS in KW via video-conference)

DEFT:    BRANDI AYCOCK (J)# 77542-004          CASE NO:    08-6015-LSS

AUSA:    Robin Waugh Faretta    *present*      ATTY:    Jonathan Goodman (temp)    *present*

AGENT:                                          VIOL:

PROCEEDING:    INQUIRY RE COUNSEL/ STATUS RE      RECOMMENDED BOND:
               REMOVAL/ POSSIBLE BOND
               HEARING

BOND HEARING HELD: yes  no          COUNSEL APPOINTED:

BOND SET @: _____ *$200,000 CSB*   to be cosigned by:

*or $200,000 property bond (property posted w/ Court)*

☐   Do not go by any marina or on any boat

☐

☐   *sur passport w/in 24 hours of release*   *+ Waive removal*
    Surrender and / or do not obtain passports / travel
    documents.                                  *Order of removal*

☐   Rpt to PTS as directed / or _____ x's a week/month by   *to be signed*
    phone; _____ x's a week/month in person.

☐

☐

☐

☐   Curfew: _____

☒   Travel extended to: _NO / CA_ .

☐

NEXT COURT APPEARANCE:      DATE:        TIME:        JUDGE:        PLACE:

INQUIRY RE COUNSEL:

PTD/BOND HEARING:

PRELIM/ARRAIGN. OR REMOVAL:

DATE:    1-18-08    TIME:    1:00pm    FTL/LSS TAPE 08 - _003_    Begin:    SCANNED   4

## COURT MINUTES

## U.S. MAGISTRATE JUDGE LURANA S. SNOW - FORT LAUDERDALE, FLORIDA

DEFT:   BRANDI AYCOCK (J)# 77542-004          CASE NO:   08-6015-LSS

AUSA:   Robin Waugh Faretta / present          ATTY:   Jonathan Goodman

AGENT:                                         VIOL:   REMOVAL:ND/CA   (wire fraud)

PROCEEDING:   INITIAL APPEARANCE               RECOMMENDED BOND:   PTD

BOND HEARING HELD - yes / no(circled)          COUNSEL APPOINTED: _____

BOND SET @: _____                    To be consigned by: _____

| | | |
|---|---|---|
| ☐ | Do not violate any law. | A Advised of Charge |
| ☐ | Appear in court as directed. | A - new name is Yurgealitis |
| ☐ | Surrender and / or do not obtain passports / travel documents. | |
| ☐ | Rpt to PTS as directed / or _____ x's a week/month by phone; _____ x's a week/month in person. | |
| ☐ | Random urine testing by Pretrial Services. _____ Treatment as deemed necessary. | |
| ☐ | Maintain or seek full - time employment. | |
| ☐ | No contact with victims / witnesses. | |
| ☐ | No firearms. | |
| ☐ | Curfew: _____ | |
| ☐ | Travel extended to: _____ | |
| ☐ | Halfway House _____ | |

| NEXT COURT APPEARANCE: | DATE: | TIME: | JUDGE: | PLACE: |
|---|---|---|---|---|
| INQUIRY RE COUNSEL: | 1-18-08 | 1:00 pm | | |
| PTD/BOND HEARING: | 1-18-08 | 1:00 pm | LSS | |
| PRELIM/ARRAIGN. OR REMOVAL: status re | | | | |
| STATUS CONFERENCE: | | | | |

DATE:   1-17-08    TIME:   11:00am    FTL/LSS TAPE # 08-  003    Begin: 1400    End: 1600 6

recalled
08-003 SCANNED
2200

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 08-6015-LSS

UNITED STATES OF AMERICA

        Plaintiff,

v.

BRANDI AYCOCK
        Defendant.
_____/

**ORDER ON INITIAL APPEARANCE**

Language    English
Tape No.  08- *003*
AUSA     Robin Waugh Faretta
Agent

    The above-named defendant having been arrested on 1-17-08, having appeared before the court for initial appearance on 1-17-08 and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. ___*Jonathan Goodman*___ appeared as permanent/~~temporary~~ counsel of record.
    Address:_____
    Zip Code: _____ Telephone: _____
    2. _____ appointed as permanent counsel of record.
    Address: _____ Zip
Code: _____ Telephone: _____ 3. The defendant shall attempt to retain counsel and shall appear before the court at *1-18-08* on *1:00pm* before Judge *Snow* *Removal Status re + bond 1-18-08 1:00pm before Judge Snow* .
4. ~~Arraignment/Preliminary~~ is set for _____ at _____ before Judge _____.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because ___
_____ A
detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _____ at _____ before Judge _____.
6. The defendant shall be released from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142: _____ This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:

___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows: _____ as directed; _____ times a week /month by phone,
    _____ times a week/month _____ in person; _other:_ _____
c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
_i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.

SCANNED

_j. Comply with the following additional special conditions of this bond:_____

_____

_____

bond was set: At Arrest _____
                   On Warrant _____
                   After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is _____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at Ft. Lauderdale, Florida this 17 day of January, 2008.

_Lurana S. Snow_
LURANA S. SNOW
UNITED STATES MAGISTRATE

cc: Assistant U.S. Attorney
    Defendant
    Counsel
    Copy for Judge
    Pretrial Services/Probation

O 442 (Rev. 5/93) Warrant for Arrest

# United States District Court
## Northern District of California

SEALED BY ORDER OF COURT

UNITED STATES OF AMERICA,

V.                                              WARRANT FOR ARREST

Case Number: **CR-07-00788-08-JF**

**Brandi C. Aycock**

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____ **Brandi C. Aycock** _____

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

(X) Indictment  () Information  () Complaint
() Order of Court  () Violation Notice  () Probation Violation Petition

charging him or her with: See Below

Count   1          **18:371 Conspiracy**

RECEIVED
UNITED STATES
2007 DEC 13 PM 2: 47
NORTHERN DISTRICT
OF CALIFORNIA

| **Cita F. Escolano** | **Deputy Clerk** |
|---|---|
| Name of Issuing Officer | Title of Issuing Officer |

*Cita F. Escolano*

Signature of Issuing Officer                12/13/07, San Jose, CA

                                            Date and Location

Bail Fixed at $ _____ **NO BAIL** _____          by _____ **Patricia V. Trumbull** _____

                                            Name of Judicial Officer

| RETURN | ORIGINAL WARRANT HELD BY |
|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ | U.S. MARSHALS, SAN JOSE NOTIFY ABOVE OFFICE UPON ARREST DO NOT MAKE RETURN ON THIS COPY |
| Date received | Name and Title of Arresting Officer | Signature of Arresting Officer |
| Date of Arrest | | |

No. CR 07 00788 JF    *Under Seal* PVT FILED    PVT

# UNITED STATES DISTRICT COURT

DEC 13 2007

CLERK U.S. DISTRICT COURT
NORTHERN DIST. OF CALIFORNIA

## NORTHERN DISTRICT OF CALIFORNIA

*SAN JOSE DIVISION*

SEALED BY ORDER
OF COURT

## THE UNITED STATES OF AMERICA

*vs.*

**AMIT M. EZYONI, ASAF NASS a/k/a "Dan", LIMOR GEFEN a/k/a "Dana", ELI KAUPP, DANIEL G. RANGEL, BARAK BRAUNSHTAIN, RANDY W. GOLDBERG, BRANDI C. AYCOCK, DAVID R. LAMONDIN, MATTHEW D. SANDOMIR, STUART H. SHEINFELD, CAROL HAEUSSLER, CHRISTOPHER A. SARIOL, and EDUARDO A. SUBIRATS**

---

# INDICTMENT

**COUNT ONE:**

Title 18, U.S.C. § 371 - Conspiracy to Commit Wire Fraud and Extortion

**COUNTS TWO - FIFTEEN:**

Title 18, U.S.C. § 1343 - Wire Fraud

**COUNTS SIXTEEN - TWENTY-THREE:**

Title 18, U.S.C. § 1951 - Extortion

**COUNT TWENTY-FOUR:**

Title 18, U.S.C. § 1956(h) - Conspiracy to Commit Money Laundering

**COUNTS TWENTY-FIVE - TWENTY-EIGHT:**

Title 18, U.S.C. § 1956(a)(1)(A)(1) - Money Laundering



DOCUMENT NO.    CSA's INITIALS

1 c

DISTRICT COURT
CRIMINAL CASE PROCESSING

*A true bill.*

_____
**Foreperson**

Filed in open court this 10 day of December
A.D. 200_7

_____
**United States Magistrate Judge**

**Bail. $** arrest warrants - no bail

Ezyonc
Naso
Gefen
Goldberg
aycock
Daupp
Rangel
Braunshtain

no process for all other
defendants

PVT

1   SCOTT N. SCHOOLS (SCN 9990)
    United States Attorney

2

3                                    SEALED BY ORDER
                                        OF COURT
4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12   UNITED STATES OF AMERICA,        CR 07 00788 JFPVT

13              Plaintiff,            )   VIOLATIONS: 18 U.S.C. § 371 --
                                      )   Conspiracy; 18 U.S.C. § 1343 -- Wire
14        v.                          )   Fraud; 18 U.S.C. § 1951 – Extortion; 18
                                      )   U.S.C. § 1956(h)--Conspiracy to Commit
15   AMIT M. EZYONI,                  )   Money Laundering; 18 U.S.C. §
     ASAF NASS,                       )   1956(a)(1)(A)(I) -- Money Laundering; 18
16      a/k/a "Dan,"                  )   U.S.C. § 2--Aiding and Abetting and
     LIMOR GEFEN,                     )   Willfully Causing; 18 U.S.C. § 982 --
17      a/k/a "Dana,"                 )   Criminal Forfeiture
     ELI KAUPP,                       )
18   DANIEL G. RANGEL,                )   SAN JOSE VENUE
     BARAK BRAUNSHTAIN,               )
19   RANDY W. GOLDBERG,               )
     BRANDI C. AYCOCK,                )
20   DAVID R. LAMONDIN,               )
     MATTHEW D. SANDOMIR,             )
21   STUART H. SHEINFELD,             )
     CAROL HAEUSSLER,                 )
22   CHRISTOPHER A. SARIOL, and       )
     EDUARDO A. SUBIRATS,             )
23                                    )
                Defendants.           )
24   _____)

25

26

27

28

INDICTMENT

1

2                                  INDICTMENT

3  The Grand Jury charges:

4                              Introductory Allegations

5      At all times relevant to this Indictment:

6      1.  AY Transport, Inc. ("AY"), also known as ("a/k/a") Progressive Van Lines ("PVL"),

7  a/k/a Midwest Relocation Services, was a moving company with offices in San Jose, California,

8  engaged in the interstate transportation of household goods ("goods") for members of the public.

9      2.  National Moving Network ("NMN"), a/k/a Patriot Moving, a/k/a Premium Relocation

10 Services, was a moving company with offices in Miami, Florida, engaged in brokering the

11 interstate transportation of goods for members of the public.

12     3.  Defendant Amit M. Ezyoni was the owner and chief executive officer of AY.  As

13 owner and CEO, defendant Ezyoni ran the day-to-day operations of AY.

14     4.  Defendant Asaf Nass, a/k/a "Dan," was the operations manager of AY.  As operations

15 manager, defendant Nass assisted in running the day-to-day operations of AY.

16     5.  Defendant Ezyoni had signatory authority over the primary AY business account,

17 Wells Fargo Bank Account #009-1460212.  Defendants Ezyoni and Nass had signatory authority

18 over the primary PVL business account, Bank of America Account #12624-06932.

19     6.  Defendant Limor Gefen, a/k/a "Dana," was the office manager of AY.  As office

20 manager, defendant Gefen handled customer complaints and assisted in the day-to-day operations

21 of AY.

22     7.  Defendant Eli Kaupp was a driver for AY.  As a driver, defendant Kaupp participated

23 in the loading and delivery of customers' goods and interacted directly with customers.

24     8.  Defendant Daniel G. Rangel was a driver for AY.  As a driver, defendant Rangel

25 participated in the loading and delivery of customers' goods and interacted directly with

26 customers.

27     9.  Defendant Barak Braunshtain was a driver for AY.  As a driver, defendant Braunshtain

28 participated in the actual loading and delivery of customers' goods and interacted directly with

INDICTMENT                              2

1  customers.

2      10. Defendant Randy W. Goldberg was the owner and president of NMN. As owner and

3  president, defendant Goldberg ran the day-to-day operations of NMN.

4      11. Defendant Brandi C. Aycock was the sales manager for NMN. As sales manager,

5  defendant Aycock supervised sales representatives in their assigned tasks of soliciting customers,

6  taking customer inventories, providing customers with weight and price estimates, collecting

7  customer deposits, and scheduling dates for the loading of customer goods.

8      12. Defendant David R. Lamondin was a sales representative for NMN. As a sales

9  representative, defendant Lamondin solicited customers, took customer inventories, provided

10 customers with weight and price estimates, collected customer deposits, and scheduled dates for

11 the loading of customer goods.

12     13. Defendant Matthew D. Sandomir was a sales representative for NMN. As a sales

13 representative, defendant Sandomir solicited customers, took customer inventories, provided

14 customers with weight and price estimates, collected customer deposits, and scheduled dates for

15 the loading of customer goods.

16     14. Defendant Stuart H. Sheinfeld was a sales representative for NMN. As a sales

17 representative, defendant Sheinfeld solicited customers, took customer inventories, provided

18 customers with weight and price estimates, collected customer deposits, and scheduled dates for

19 the loading of customer goods.

20     15. Defendant Carol Haeussler was a sales representative for NMN. As a sales

21 representative, defendant Haeussler solicited customers, took customer inventories, provided

22 customers with weight and price estimates, collected customer deposits, and scheduled dates for

23 the loading of customer goods.

24     16. Defendant Christopher A. Sariol was a sales representative for NMN. As a sales

25 representative, defendant Sariol solicited customers, took customer inventories, provided

26 customers with weight and price estimates, collected customer deposits, and scheduled dates for

27 the loading of customer goods.

28     17. Defendant Eduardo A. Subirats was a sales representative for NMN. As a sales

INDICTMENT                                3

representative, defendant Subirats solicited customers, took customer inventories, provided

customers with weight and price estimates, collected customer deposits, and scheduled dates for

the loading of customer goods.

COUNT ONE: (18 U.S.C. § 371–Conspiracy)

18. Paragraphs 1 through 17 of the Introductory Allegations section are realleged and

incorporated as though fully set forth herein.

19. From in or around April 2001 and continuing through approximately October 2005,

in Santa Clara County, in the Northern District of California, and elsewhere, the defendants

> AMIT M. EZYONI,
> ASAF NASS,
>     a/k/a "Dan,"
> LIMOR GEFEN,
>     a/k/a "Dana,"
> ELI KAUPP,
> DANIEL G. RANGEL,
> BARAK BRAUNSHTAIN,
> RANDY W. GOLDBERG,
> BRANDI C. AYCOCK,
> DAVID R. LAMONDIN,
> MATTHEW D. SANDOMIR,
> STUART H. SHEINFELD,
> CAROL HAEUSSLER,
> CHRISTOPHER A. SARIOL, and
> EDUARDO A. SUBIRATS,

did knowingly and intentionally conspire to commit acts and offenses against the laws of the

United States, that is: wire fraud, in violation of 18 U.S.C. § 1343; and extortion, in violation of

18 U.S.C. § 1951.

### OBJECT OF THE CONSPIRACY

20. It was the object of the conspiracy for the defendants to unjustly enrich themselves by

luring customers into doing business with NMN by offering them extremely low moving

estimates, taking possession of customers' property and then subsequently increasing the price of

AY's transport of the customers' goods, and thereafter withholding delivery of their goods until

the customers paid the fraudulently inflated price to AY.

### MANNER AND MEANS OF THE CONSPIRACY

21. Defendant NMN represented itself to the public as a reputable broker of interstate

moves.

INDICTMENT                                4

22. Defendant AY represented itself to the public as a reputable moving company.

23. At the direction of defendants Randy W. Goldberg and Brandi C. Aycock, defendants David R. Lamondin, Matthew D. Sandomir, Stuart H. Sheinfeld, Carol Haeussler, Christopher A. Sariol, Eduardo A. Subirats, and other NMN employees provided extremely low moving estimates to customers to induce them to hire NMN to move their goods. These estimates were conveyed by telephone, facsimile, and electronic mail ("e-mail"). Once NMN had secured the customer's contract, they collected a deposit and referred the deal without the customers' knowledge to AY. AY then provided the drivers and trucks to complete the move.

24. Defendants Amit M. Ezyoni, Asaf Nass, Limor Gefen supervised the AY drivers assigned to handle the moves, including defendants Eli Kaupp, Daniel G. Rangel, and Barak Braunshtain, among other AY drivers. The drivers typically rushed customers through the AY paperwork, causing them to sign blank or incomplete bills of lading and other documents, and failed to inform them of the actual price of the move prior to loading customer goods.

25. Once a customer's goods had been loaded, an AY employee would and did inflate the total price of the move by claiming that the customer's goods weighed more than had been originally estimated by NMN, or by overcharging the customer for packing materials.

26. When contacted by customers requesting the delivery of their goods, defendants Amit M. Ezyoni, Asaf Nass, Limor Gefen, and other AY employees demanded full payment of the new, inflated price before AY would deliver the goods. This new, inflated price was often multiple times the initial estimate provided to the customer by NMN.

27. Defendants Amit M. Ezyoni, Asaf Nass, Limor Gefen, and other AY employees ignored customers' repeated complaints about the inflated prices.

28. When customers refused to pay the inflated price, defendants Amit M. Ezyoni, Asaf Nass, Limor Gefen, and other AY employees arranged to warehouse customer goods, often under the names of individual drivers, and refused to divulge the location of the goods to customers.

29. When delivering customer goods, the drivers, acting under the direction of defendants Amit M. Ezyoni, Asaf Nass, Limor Gefen, and other AY employees, demanded that customers pay any outstanding balance before they would unload, or even provide access to, the

1   customer's goods.

2       30.  Defendants Amit M. Ezyoni, Asaf Nass, Limor Gefen, and other AY employees

3   refused to adequately compensate customers for any damaged or undelivered goods.

4       31.  The extremely low bid price, the referral to AY, the drivers' rushing customers

5   through paperwork, the increase in price after taking possession of customers' goods, and the

6   refusal to release said goods unless the customers paid the increased price were all co-ordinated

7   parts of the conspiracy designed to work together to extort maximum money from the customers.

8                                  OVERT ACTS

9       32.  In furtherance of the conspiracy and to effect its objects, at least one of the co-

10  conspirators committed at least one of the following overt acts, in the Northern District of

11  California and elsewhere:

12      Victim 1: A.B.and K.S.

13      33.  On or about July 26, 2002, in a telephone conversation between Colorado and San

14  Jose, California, defendant Amit M. Ezyoni told A.B., an AY customer moving from San Jose,

15  California to Colorado,  that A.B's goods would not be delivered unless he paid AY a price

16  which had been inflated from the original price estimate provided by NMN.

17      34.  On or about July 27, 2002, defendant Daniel G. Rangel refused to unload A.B and

18  K.S.'s goods until K.S. paid him the inflated price.

19      Victim 2: S.M. and N.G.

20      35.  On or about March 7, 2003, defendant David R. Lamondin mailed N.G. an estimate

21  of $2,880 to move N.G's and S.M's goods from Colorado to Florida.

22      36.  On or about May 1, 2003, defendant Asaf Nass faxed N.G. a letter from San Jose,

23  California to Florida informing N.G. that she was required to wire $1,500 for the delivery to

24  proceed, informing her that the price had increased from the original price estimate, and stating

25  that full payment of the inflated price was required for the delivery to proceed.

26      37.  On or about May 1, 2003, defendant Asaf Nass, speaking in a telephone call from

27  San Jose, California, told an undercover agent posing as N.G. in a telephone call that she would

28  not receive her belongings unless she paid the full inflated price.

INDICTMENT                          6

Victim 3: T.M.

38. On or about May 15, 2003, defendant Asaf Nass informed T.M. in a telephone call from San Jose, California to Alabama that the cost of his move had been inflated to $1,599, and that T.M.'s goods would not be delivered until the additional fees were paid.

39. On or about June 9, 2003, defendant Asaf Nass faxed T.M. from San Jose, California to Alabama a request that T.M. wire $1,199 to AY's business bank account in San Jose, California as partial payment of the inflated price.

40. On or about June 18, 2003, defendant Asaf Nass informed T.M. in a telephone call between Alabama and San Jose, California that T.M. would not receive his goods until he had paid the full inflated price.

41. On or about July 7, 2003, defendant Eli Kaupp refused to unload T.M.'s goods unless T.M. paid the balance that AY claimed it was owed.

Victim 4: R.L.

42. On or about September 23, 2003, defendant Matthew D. Sandomir transmitted to R.L. in Florida an estimate of $1,200 to move her goods from Florida to Tennessee.

43. On or about October 19, 2003, defendant Asaf Nass telephoned R.L. from San Jose, California to her location in Tennessee and told her that AY would not deliver her goods unless she paid the inflated price.

Victim 5: L.R.

44. On or about October 20, 2003, defendant Carol Haeussler transmitted to L.R. in California an estimate of $2,378 to move his goods from California to Illinois.

45. On or about November 3, 2003, in a telephone call between San Jose, California and Illinois, defendant Limor Gefen, a/k/a/ "Dana," informed L.R. that he would not get his goods until he had paid the full amount of the inflated AY price for the move.

46. On or about November 3, 2003, in a telephone call between San Jose, California and Illinois, defendant Asaf Nass informed L.R. that he would not get his goods until he had paid the full amount of the inflated AY price for the move.

47. On or about December 15, 2003, defendant Asaf Nass faxed from San Jose,

California to L.R. in Illinois a settlement agreement with respect to the inflated price.

Victim 6: C.M.

48. On or about November 18, 2003, defendant Christopher A. Sariol transmitted to C.M. in Florida an estimate of $1,446.50 to move C.M.'s goods from Florida to Minnesota.

49. On or about December 3, 2003, defendant Barak Braunshtain informed C.M, after his goods had been loaded, that the cost of the move had been inflated to $2,401, and that C.M. would have to pay this full amount prior to receiving delivery of his goods.

50. On or about December 10, 2003, defendant Asaf Nass, speaking from San Jose, California, informed C.M. in a that he would not receive his goods until he paid the full inflated price.

Victim 7: L.G.

51. On or about January 20, 2004, defendant Eduardo A. Subirats e-mailed L.G. from Florida to Aptos, California an estimate of $2,715 to move L.G.'s goods from Aptos, California to North Carolina.

Victim 8: A.G.

52. On or about April 23, 2004, in a telephone call from Florida to Massachusetts, defendant Stuart Sheinfeld provided A.G. with an estimate of $1,855 to move A.G's goods from Massachusetts to Florida.

53. On or about June 19, 2004, defendant Barak Braunshtain informed A.G. in a telephone call that the cost of the move had increased to $2,944, and that he would not deliver her goods until she paid the full inflated price. 2,418.89 (sic)

54. On or about June 19, 2004, in a telephone call from Florida to San Jose, California, defendant Limor Gefen informed A.G. that Progressive Van Lines would not deliver her goods unless she paid the full inflated price.

Victim 9: T.P.

55. On or about June 28, 2004, in a telephone call between Louisiana and San jose, California, defendant Asaf Nass informed customer T.P. that his goods would not be delivered to him unless he paid the full amount of a price inflated from the original quote provided by NMN.

INDICTMENT                              8

1    All in violation of Title 18, United States Code, Section 371.

2    COUNTS TWO THROUGH FIFTEEN: (18 U.S.C. §§ 1343 and 2-- Wire Fraud;
                            Aiding and Abetting)

3

4    56.   Paragraphs 1 through 17 of the Introductory Allegations section and paragraphs 20

through 31 of Count One are realleged and incorporated as though fully set forth herein.

5
6                              SCHEME AND ARTIFICE

7    57.   It was the object of the scheme and artifice for the defendants to unjustly enrich

themselves by luring customers into doing business with NMN by offering them extremely low

8    moving estimates, taking possession of customers' property and then subsequently increasing the

9    price of AY's transport of the customers' goods, and thereafter withholding delivery of their

10   goods until the customers paid the fraudulently inflated price to AY.

11                              USE OF THE WIRES

12   58.   On or about the dates listed in the separate counts below, in Santa Clara County, in

13   the Northern District of California and elsewhere, the defendants, as listed below as to each

14   count, for the purpose of executing and attempting to execute the scheme and artifice to defraud

15   and for obtaining money and property by means of materially false and fraudulent pretenses,

16   representations, and promises, did knowingly transmit and cause to be transmitted in interstate

17   commerce by means of wire communications, certain writings, signs, signals and sounds, as

18   more specifically described below:

19

| COUNT | DATE | DEFENDANT | DESCRIPTION OF WIRE COMMUNICATION |
|-------|------|-----------|-----------------------------------|
| 2 | 5/1/03 | AMIT M. EZYONI ASAF NASS | Fax from Asaf Nass in California to N.G. in Florida regarding the inflated price of the move and requirement of full payment prior to delivery of goods |
| 3 | 5/2/03 | AMIT M. EZYONI ASAF NASS | Electronic wire transfer of $1,500 sent from N.G. in Florida to AY in California at direction of Asaf Nass |
| 4 | 6/9/03 | AMIT M. EZYONI ASAF NASS | Fax from Asaf Nass in California to T.M. in Alabama requesting that T.M. wire an additional $1,199 to AY |

INDICTMENT                                9

| | | | | |
|---|---|---|---|---|
| 5 | 6/18/03 | AMIT M. EZYONI ASAF NASS | Telephone call from T.M. in Alabama to Asaf Nass in California regarding the inflated price of the move and requirement of full payment prior to delivery of goods |
| 6 | 10/19/03 | AMIT M. EZYONI ASAF NASS | Telephone call from Asaf Nass in California to R.L. in Tennessee regarding the inflated price of the move and requirement of full payment prior to delivery of goods |
| 7 | 10/30/03 | RANDY W. GOLDBERG CAROL HAEUSSLER | Fax from NMN in Florida to AY in California conveying estimate for move of L.R. |
| 8 | 11/3/03 | AMIT M. EZYONI LIMOR GEFEN | Telephone call from L.R. in Illinois to Limor Gefen in California regarding the inflated price of the move and requirement of full payment prior to delivery of goods |
| 9 | 11/3/03 | AMIT M. EZYONI ASAF NASS | Telephone call from L.R. in Illinois to Asaf Nass in California regarding the inflated price of the move and requirement of full payment prior to delivery of goods |
| 10 | 12/15/03 | AMIT M.. EZYONI ASAF NASS | Fax from Asaf Nass in California to L.R. in Illinois outlining terms of settlement agreement between AY and L.R. regarding inflated price |
| 11 | 12/16/03 | AMIT M. EZYONI ASAF NASS | Fax from L.R. in Illinois to Asaf Nass in California signing settlement agreement between AY and L.R. regarding inflated price |
| 12 | 1/20/04 | RANDY W. GOLDBERG EDUARDO A. SUBIRATS | E-mail from NMN in Florida to L.G. in California conveying estimate for L.G's move from California to North Carolina |
| 13 | 6/19/04 | AMIT M. EZYONI LIMOR GEFEN | Telephone call from A.G. in Florida to Limor Gefen in California regarding the inflated price of the move and requirement of full payment prior to delivery of goods |

INDICTMENT                                    10

| | | | |
|---|---|---|---|
| 14 | 6/19/04 | AMIT M. EZYONI<br>LIMOR GEFEN | Electronic wire transfer of $1,028 sent from A.G. in Florida to AY in California at direction of Limor Gefen |
| 15 | 6/28/04 | AMIT M. EZYONI<br>ASAF NASS | Telephone call from T.P. in Louisiana to Asaf Nass in California regarding the inflated price of the move and requirement of full payment prior to delivery of goods |

All in violation of Title 18, United States Code, Sections 1343 and 2.


<u>COUNTS SIXTEEN THROUGH TWENTY-THREE</u>: (18 U.S.C. §§ 1951 and 2– Extortion; Aiding and Abetting)

59.   Paragraphs 1 through 17 of the Introductory Allegations section and paragraphs 20 through 31 of Count One are realleged and incorporated as though fully set forth herein.

60.   On the dates set forth in the separate counts below, in the Northern District of California, and elsewhere, the defendants did knowingly, willfully, and unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect interstate commerce by means of extortion by demanding and receiving money for moving services from customers, said customers' consent having been induced by the defendants' wrongful use of fear of economic harm, in that, defendants threatened to withhold delivery of customers' goods unless they paid the money that the defendants demanded.

| COUNT | DATE | DEFENDANTS | VICTIM(S) |
|---|---|---|---|
| 16 | 3/7/03-5/11/03 | RANDY W. GOLDBERG<br>DAVID R. LAMONDIN<br>AMIT M. EZYONI<br>ASAF NASS | S.M. and N.G. |
| 17 | 4/30/03-7/7/03 | RANDY W. GOLDBERG<br>AMIT M. EZYONI<br>ASAF NASS<br>ELI KAUPP | T.M. |
| 18 | 9/23/03-11/28/03 | RANDY W. GOLDBERG<br>MATTHEW D. SANDOMIR<br>AMIT M. EZYONI<br>ASAF NASS | R.L. |

INDICTMENT                                        11

| 19 | 10/20/03–12/16/03 | RANDY W. GOLDBERG<br>CAROL HAEUSSLER<br>AMIT M. EZYONI<br>ASAF NASS<br>LIMOR GEFEN | L.R. |
| 20 | 11/18/03–12/20/03 | RANDY W. GOLDBERG<br>CHRISTOPHER A. SARIOL<br>AMIT M. EZYONI<br>ASAF NASS<br>BARAK BRAUNSHTAIN | C.M. |
| 21 | 1/20/04–3/10/04 | RANDY W. GOLDBERG<br>EDUARDO A. SUBIRATS | L.G. |
| 22 | 4/23/04–6/22/04 | RANDY W. GOLDBERG<br>STUART H. SHEINFELD<br>AMIT M. EZYONI<br>LIMOR GEFEN<br>BARAK BRAUNSHTAIN | A.G. |
| 23 | 5/5/04–8/6/04 | RANDY W. GOLDBERG<br>AMIT M. EZYONI<br>ASAF NASS | T.P. |

All in violation of Title 18, United States Code, Sections 1951 and 2.

COUNT TWENTY-FOUR:  (18 U.S.C. § 1956(h) – Conspiracy to Launder Monetary Instruments)

61.  Paragraphs 1 through 17 of the Introductory Allegations section, paragraphs 20 through 31 of Count One, and the factual allegations contained in Counts Two through Twenty-Three are realleged and incorporated as though fully set forth herein.

62.  From in or around April 2001 and continuing through approximately October 2005, in Santa Clara County, in the Northern District of California, and elsewhere, the defendants

AMIT M. EZYONI,
ASAF NASS, and
RANDY W. GOLDBERG

did knowingly conspire to conduct financial transactions affecting interstate commerce which in fact involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, and extortion, in violation of Title 18, United States Code, Section 1951, with the intent to promote that specific unlawful activity; in violation of Title 18, United States Code, Sections 1956(h) and 1956(a)(1)(A)(I).

INDICTMENT                                    12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNTS TWENTY-FIVE THROUGH TWENTY-EIGHT: (18 U.S.C. § 1956(a)(1)(A)(I) – Money Laundering)

63.   Paragraphs 1 through 17 of the Introductory Allegations section, paragraphs 20 through 31 of Count One, the factual allegations contained inCounts Two through Twenty-Three, and paragraph 3 of Count 24 are realleged and incorporated as though fully set forth herein.

64.   On or about the dates indicated for each Count below, in Santa Clara County, in the Northern District of California, and elsewhere, the defendants, as listed below as to each count, did knowingly conduct financial transactions affecting interstate commerce, to wit: the deposit of monies into the AY business account, and the use of those funds to pay NMN and Randy Goldberg, which involved the proceeds of a specified unlawful activity, that is, wire fraud and extortion, as set forth in Counts Two through Twenty-Three, with the intent of promoting the specified unlawful activity, to wit: wire fraud and extortion, as set forth in Counts Two through Twenty-Three, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transaction, that is the deposits and checks summarized as follows, represented the proceeds of some form of unlawful activity:

| COUNT | DATE | DEFENDANT | FINANCIAL TRANSACTION |
|---|---|---|---|
| 25 | 5/2/03 | ASAF NASS | $1,500 wire transfer transmitted to AY from N.G. into AY business account Wells Fargo Acct #009-1460212 |
| 26 | 7/15/03 | AMIT M. EZYONI | $13,727.62 check payable to National Moving Network from AY business account Wells Fargo Acct #009-1460212 |
| 27 | 12/23/03 | AMIT M. EZYONI | $14,803.05 deposit into AY business account Wells Fargo Acct #009-1460212 |
| 28 | 1/9/04 | AMIT M. EZYONI | $34,640 check payable to Randy Goldberg from AY Business account Wells Fargo Acct #009-1460212 |

All  in violation of Title 18, United States Code, Section 1956(a)(1)(A)(I).

1  FORFEITURE ALLEGATION:  (18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c) -
                              Forfeiture Of Wire Fraud and Extortion Proceeds)

2

3        65.  The factual allegations contained in paragraphs 1-17 of the Introductory Allegations

and Counts One through Twenty-Four of this Indictment are realleged and by this reference fully

4  incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18,

5  United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c).

6        66.       Upon a conviction of any of the offenses alleged in Counts One through Twenty-

7  Four, the defendants,

8                           AMIT M. EZYONI,
9                           ASAF NASS,
                                 a/k/a "Dan,"
10                          LIMOR GEFEN,
                                 a/k/a "Dana,"
11                          ELI KAUPP,
                          DANIEL G. RANGEL,
12                      BARAK BRAUNSHTAIN,
                        RANDY W. GOLDBERG,
13                       BRANDI C. AYCOCK,
                         DAVID R. LAMONDIN,
14                      MATTHEW D. SANDOMIR,
                         STUART H. SHEINFELD,
15                         CAROL HAEUSSLER,
                      CHRISTOPHER A. SARIOL, and
16                       EDUARDO A. SUBIRATS,

17  shall forfeit to the United States all property, real or personal, which constitutes and is derived

18  from proceeds traceable to said offenses.

19     3.  If, as a result of any act or omission of the defendants, any of said property

20        a.    cannot be located upon the exercise of due diligence;

21        b.    has been transferred or sold to or deposited with, a third person;

22        c.    has been placed beyond the jurisdiction of the Court;

23        d.    has been substantially diminished in value; or

24        e.    has been commingled with other property which cannot be divided without

25              difficulty;

26

27

28

INDICTMENT                    14

1  any and all interest defendants have in any other property, up to value of the property described

2  in paragraph 2 above, shall be forfeited to the United States, pursuant to Title 21, United States

3  Code, Section 853(p), as incorporated by as incorporated by Title 28, United States Code,

4  Section 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure.

5  DATED: 12/12/07                                           A TRUE BILL.

6                                                                        _____
                                                                          FOREPERSON
7

8  SCOTT N. SCHOOLS
   United States Attorney
9  _____

10 MATTHEW A. PARRELLA
   Chief, San Jose Branch Office

11 (Approved as to form: _____
                                              AUSA NEDROW
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INDICTMENT                                    15

# UNITED STATES DISTRICT COURT *08-6015-LSS*
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA )
Plaintiff )
)
-vs- )
)
Brardi C. Aycock )
Defendant )

CASE NUMBER: CR-07-00788-08-JF

*USMS # 77542-004*

REPORT COMMENCING CRIMINAL
ACTION

*******************************************************************

TO: CLERK'S OFFICE    MIAMI    (FT. LAUDERDALE)    W. PALM BEACH
U.S. DISTRICT COURT                (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES
COURT ABOVE.
*******************************************************************

COMPLETE ALL ITEMS: INFORMATION NOT APPLICABLE ENTER N/A.

(1)  DATE AND TIME OF ARREST: 1-17-08          6:45     (a.m)/p.m.

(2)  LANGUAGE(S) SPOKEN: ENGLISH, some SPANISH

(3)  OFFENSE(S) CHARGED: Title 18, Section 371 - Conspiracy-Wire Fraud

(4)  UNITED STATES CITIZEN:  ( ✓ )YES   ( )NO   ( )UNKNOWN

(5)  DATE OF BIRTH: 9/21/1976

(6)  TYPE OF CHARGING DOCUMENT:  (CHECK ONE)
[ ✓ ] INDICTMENT    [ ] COMPLAINT    CASE # CR-07-00788-08-JF
[ ] BENCH WARRANT FOR FAILURE TO APPEAR
[ ] PAROLE VIOLATION WARRANT
ORIGINATING DISTRICT: Northern District of California
COPY OF WARRANT LEFT WITH BOOKING OFFICER?  [ ✓ ]YES  [ ]NO

AMOUNT OF BOND:$ No bail     WHO SET BOND? Judicial Ofcer - Patricia Trumbull

(7)  REMARKS: N/A

(8)  DATE: 1/17/08    (9) ARRESTING OFFICER SA - Kim DeLeo

(10)  AGENCY FBI SA  (11) PHONE # 954-553-3278

(12)  COMMENTS No Case Agent. Bill Schureck
Cell: 954-553-9245 SCANNED