UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 07-CR-788-LHK |
| Plaintiff, | ) ) | CASE MANAGEMENT ORDER; |
| v. | ) ) | ORDER RE: MOTIONS IN LIMINE, PRE-TRIAL MOTIONS, AND MOTION |
| EZYONI, ET AL., | ) ) | TO DISMISS |
| Defendants. | ) ) | |

Clerk: Martha Parker Brown   Reporter: Irene Rodriguez

Assistant U.S. Attorney: Jeffrey Nedrow and Jeffrey Schenk

Defendants:
1. Limor Gefen present with counsel Allen Schwartz
2. Daniel Rangel, Failed to Appear, represented by counsel Mark Eibert
3. Randy Goldberg present with counsel Brittany Nicolli
4. Brandi Aycock present with counsel Ronald Gainor and Amber Donner
5. David Lamondin present with counsel Mark Arnold
6. Stuart Sheinfeld present with counsel Hugh Levine
7. Eduardo Subirats present with counsel Vicki Young

A case management conference and hearing on defendants' pre-trial motions, motions in limine, and motion to dismiss were held on May 9, 2012.

<u>No Bail Bench Warrant</u>

The Court issued a No Bail Bench Warrant for Daniel Rangel because of his failure to appear in violation of this Court's Orders.

<u>Case Schedule</u>

| | |
|---|---|
| May 30, 2012 | Government will make a proffer of specific co-conspirator statements it seeks to have admitted against each of the defendants |
| June 6, 2012 | All parties must complete their discovery productions. Any discovery produced after this date will be excluded unless the late producing party can demonstrate good cause and due diligence justifying late production. |
| June 13, 2012 | Defendants may file a response to the government's proffer of co-conspirator statements. All parties may file supplemental pretrial statements, exhibit lists, and witness lists. |

June 20, 2012 at 10 a.m. Final pretrial conference. Government shall produce Henthorn material.

CASE MANAGEMENT ORDER; ORDER RE: MOTIONS IN LIMINE, PRE-TRIAL MOTIONS AND MOTION TO DISMISS

1

July 1, 2012 at 10 a.m. Final Status conference.  Defendant Aycock may be excused from this status conference because her counsel Ronald Gainor will be in China during this time.

August 6, 2012 at 9 a.m. Jury selection and trial.

Unless specified otherwise above, all defendants and all defense counsel must attend the final pretrial conference, final status conference, and trial in person.  The Court will issue a No Bail Bench Warrant for any defendant who fails to appear.

Defendant Goldberg's Motions in Limine

For the reasons stated on the record, Defendant Goldberg's motion in limine to exclude other bad act testimony, joined by Defendants Gefen, Subirats, and Aycock, as well as Defendant Rangel's Particularized Joinder, is DENIED.

For the reasons stated on the record, Defendant Goldberg's motion in limine to exclude any testimony pertaining to victim's emotional trauma, joined by Defendants Aycock, Subirats, and Rangel, is:

> DENIED as to the statements of Grant Du Ploy;
>
> DENIED as to Ian Spencer's statement that the move caused tremendous stress in his life and contributed to his financial hardship;
>
> GRANTED as to Ian Spencer's statement that the move caused his bankruptcy;
>
> DENIED as to Kathy Matthews' statement that after she paid AY its inflated claim, she found herself "breaking down and crying after seeing how her items [were] thrown around in the storage unit" and that the move caused a tremendous amount of stress and tension in her and her fiance's relationship; and
>
> GRANTED as to Kathy Matthews' statement that her and her fiance's engagement was called off shortly after the move, that the events related to the move were the primary reasons their relationship failed, and that Matthews has not dated since.

The Court grants Defendant Goldberg's motions to join Defendants Sheinfeld and Subirats' Motions in Limine, Defendant Rangel's Opposition to the Government's Motion in Limine #3 to Admit Cooperating Witnesses' Plea Agreements, and Defendant Brandi Aycock's Response to Government's Motion in Limine #2.

Defendant Sheinfeld's Motions in Limine

For the reasons stated on the record, Defendant Sheinfeld's motion in limine #1 to exclude reference to any defendant as a fugitive, which was joined by Defendants Rangel, Goldberg, Gefen, Subirats, and Aycock, and which is not opposed by the government, is GRANTED.

For the reasons stated on the record, the hearing on Defendant Sheinfeld's motion in limine #2 to exclude testimony of any former NMN employee about what Mr. Sheinfeld knew or what was common knowledge unless such person was percipient to the event or a foundation of personal knowledge is shown to demonstrate his or her competency is continued to June 20, 2012 at 10 a.m. The government shall make a proffer of specific co-conspirator statements it seeks to have admitted against each of the defendants on May 30, 2012.  Defendants may respond on June 13, 2012.

CASE MANAGEMENT ORDER; ORDER RE: MOTIONS IN LIMINE, PRE-TRIAL MOTIONS AND MOTION TO DISMISS

2

For the reasons stated on the record, Defendant Sheinfeld's motion in limine #3 to exclude the testimony of any former NMN or AY employee regarding the fact that they left their employment because of the company's perceived wrongdoing, joined by Defendants Aycock, Rangel, Gefen, Subirats, and Goldberg, is DENIED.

For the reasons stated on the record, Defendant Sheinfeld's motion in limine #4 to exclude reference to any customer of NMN or AY as a "victim," joined by Defendants Aycock, Rangel, Gefen, Subirats, and Goldberg, is DENIED.

For the reasons stated on the record, Defendant Sheinfeld's motion in limine #5 to exclude any opinion testimony by any customer about the true weight of the goods moved by NMN or AY, joined by Defendants Aycock, Rangel, Gefen, Subirats, and Goldberg, is DENIED without prejudice.

For the reasons stated on the record, Defendant Sheinfeld's motion in limine #6 to exclude cooperating witness testimony that a plea agreement is conditional upon truthful testimony, joined by Defendants Aycock, Rangel, Gefen, Subirats, and Goldberg, is DENIED.

For the reasons stated on the record, Defendant Sheinfeld's motion in limine #7 to exclude reference to a co-defendant's conviction unless the co-defendant testifies at trial and the Court finds the evidence relevant and admissible, which is joined by Defendants Aycock, Rangel, Subirats, and Goldberg, and is unopposed by the government, is GRANTED.

For the reasons stated on the record, Defendant Sheinfeld's motion in limine #8 to require evidence of the maximum sentence to which a cooperating witness would be exposed absent cooperation, which is joined by Defendants Aycock, Rangel, Subirats, and Goldberg, and is unopposed by the government, is DENIED as to the request for judicial notice of the maximum sentences for charged and uncharged offenses.  The motion is GRANTED as to the admission of cooperating co-defendants' plea agreements and cross-examination of cooperating co-defendants about charges that were brought or could have been brought, the fact that the charges were felonies, and the maximum sentences for those charges.  However, if the cooperating co-defendants do not know what the maximum sentences are, then the maximum sentences are irrelevant because they could not have caused any bias.  Defense counsel may not introduce extrinsic evidence of the maximum sentences.

For the reasons stated on the record, the hearing on Defendant Sheinfeld's motion in limine #9 to exclude co-conspirator hearsay, joined by Defendants Aycock, Rangel, Subirats, and Goldberg, is continued to June 20, 2012 at 10 a.m.  The government shall make a proffer of specific co-conspirator statements it seeks to have admitted against each of the defendants on May 30, 2012. Defendants may respond on June 13, 2012.

Defendant Subirats' Motion in Limine

For the reasons stated on the record, Defendant Subirats' motion in limine for order requiring the government to identify the particular co-conspirator statements it intends to offer, joined by Defendants Rangel, Aycock, Gefen, and Goldberg, is GRANTED.  The government shall make a proffer of specific co-conspirator statements it seeks to have admitted against each of the defendants on May 30, 2012.  Defendants may respond on June 13, 2012.  The hearing on the sufficiency of the government's proffer will be on June 20, 2012 at 10 a.m.

Defendant Rangel's Motions in Limine

For the reasons stated on the record, Defendant Rangel's motion in limine #1 to exclude evidence of two prior misdemeanor convictions, which is unopposed by the government, is GRANTED.

CASE MANAGEMENT ORDER; ORDER RE: MOTIONS IN LIMINE, PRE-TRIAL MOTIONS AND MOTION TO DISMISS

For the reasons stated on the record, Defendant Rangel's motion in limine #2 to exclude 404(b) Evidence, is GRANTED.

Defendant Rangel's Pretrial Motions

For the reasons stated on the record, Defendant Rangel's renewed motion for discovery deadline/cutoff is GRANTED, but also applies to all defendants. All parties must complete their discovery productions by June 6, 2012. Any discovery produced after this date will be excluded unless the late producing party can demonstrate good cause and due diligence justifying late production. The government shall produce any Henthorn material on June 20, 2012.

For the reasons stated on the record, Defendant Rangel's Motion to Dismiss Indictment for Prosecutorial Misconduct and Presentation of Perjured, False, Inaccurate and Unreliable Testimony before the Grand Jury is DENIED.

The Court grants leave for Defendant Rangel to file motions in limine #3 and #4.

For the reasons stated on the record, Defendant Rangel's motion in limine #3 to exclude evidence of the Ego Moving case is GRANTED.

For the reasons stated on the record, Defendant Rangel's motion in limine #4 to exclude actions by unknown Daniels is DENIED.

Defendant Gefen's Motion in Limine

For the reasons stated on the record, Defendant Gefen's motion to exclude evidence of her ethnicity or nationality is DENIED without prejudice.

Government's Motions in Limine

For the reasons stated on the record, Government's motion in limine to preclude Defendant Aycock's Proffered Expert Testimony is DENIED.

For the reasons stated on the record, Government's motion in limine #2, admissibility of co-conspirator statements, is continued to June 20, 2012 at 10 a.m. The government shall make a proffer of specific co-conspirator statements it seeks to have admitted against each of the defendants on May 30, 2012. Defendants may respond on June 13, 2012.

For the reasons stated on the record, Government's motion in limine #3 to admit plea agreements of cooperating witnesses is GRANTED. Defense counsel are free to cross-examine cooperating co-defendant Sandomir about any variance in his plea agreement and more recent interview statements.

**IT IS SO ORDERED.**

Dated: May 9, 2012

_____
LUCY H. KOH
United States District Judge

CASE MANAGEMENT ORDER; ORDER RE: MOTIONS IN LIMINE, PRE-TRIAL MOTIONS AND MOTION TO DISMISS