UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 07-CR-788-LHK |
| ) | |
| Plaintiff, ) | CORRECTED PRE-TRIAL |
| v. ) | CONFERENCE ORDER |
| ) | |
| EZYONI, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Clerk: Martha Parker Brown    Reporter: Lee-Anne Shortridge

Assistant U.S. Attorney: Jeffrey Nedrow and Jeffrey Schenk

Defendants:
1. Limor Gefen present with counsel Allen Schwartz
2. Randy Goldberg present with counsel Samuel Rabin
3. Brandi Aycock present with counsel Ronald Gainor and Amber Donner

A case management conference and hearing on motions in limine were held on June 20, 2012. For the reasons stated on the record, the Court issued the following rulings.

Case Schedule

July 11, 2012 at 9 a.m. Final Status conference. Defendant Aycock may be excused from this status conference because her counsel Ronald Gainor and Amber Donner will be in China during this time. Defendants Rangel and Gefen must either resolve their case at this conference or continue with pretrial preparations. If defendant Gefen's counsel is still trying a murder case in state court through mid-August, then her case may be severed, and a new trial date may be set in her case.

August 1, 2012 at 9 a.m. Final Pre-Trial Conference to discuss jury instructions and evidentiary objections to exhibits.

August 6, 2012 at 9 a.m. Jury selection and trial.

Defendants' Personal Court Appearances

Unless specified otherwise above, all defendants and all defense counsel must attend the final status conference, final pretrial conference, and trial in person. The Court will issue a No Bail Bench Warrant for any defendant who fails to appear.

Defendants Geffen's and Rangel's Settlement Status Reports

Defendants Geffen and Rangel must file Settlement Status Reports on July 5, 2012.

Voir Dire

Counsel for each party will have five minutes for jury voir dire. Previewing government or defense theories will not be allowed during voir dire.

CORRECTED PRE-TRIAL CONFERENCE ORDER

1

Verdict Form
The Court denies defendant Aycock's request to have a separate verdict form for each defendant. The verdict form will require the jury to identify what object of the conspiracy the jury unanimously finds.  The verdict form will not require the jury to identify what overt act in furtherance of the conspiracy the jury unanimously finds.

Forfeiture
The government shall file its motion regarding forfeiture on July 9, 2012.  Defendants will file a response, if any, on July 23, 2012.

Defendant Geffen's Witness and Exhibit Lists
Defendant Geffen must file her witness list and exhibit list on June 22, 2012.

Government and Remaining Defendants' Witness Lists
On July 2, 2012, the parties shall file custodian of record stipulations and revised witness lists.  The parties will make their best efforts to reduce their witness lists to essential witnesses for trial. Defendant Aycock shall supplement her witness list with a summary of the witness's testimony.

Government and Remaining Defendants' Exhibit Lists
The parties will make their best efforts to reduce their exhibit lists to essential exhibits for trial. The government will provide bates numbers for all of its exhibits on its exhibit list.  On July 9, 2012, the parties will exchange their revised exhibit lists and copies of their actual exhibits.  The parties will then meet and confer to resolve evidentiary objections to the opposing parties' exhibits. On July 23, 2012, the parties will file their revised exhibit lists and a joint statement, no more than 20 pages, regarding their remaining evidentiary objections.

Government and Remaining Defendants' Jury Instructions
On July 23, 2012, the parties must file joint jury instructions which identify to which instructions the parties stipulate and to which instructions the parties object and why.  Each instruction must identify its source.  The Court will not give an advice of counsel or good faith instruction.

Defendant Aycock's Motion to Strike Ms. Richardson as a Witness
This motion is denied.  Ms. Richardson directly spoke with AY representatives and may testify based on her personal knowledge.  Ms. Richardson may not testify as to her deceased brother's statements to her unless a hearsay exception applies.

Defendant Aycock's Motion to Strike Government Exhibits Related to Non-Testifying Customers
This motion is denied.  Defendant Aycock's objection as to lack of authentication is overruled because the government will introduce AY records as business records.  Pursuant to Fed. R. Evid. 403, the danger of unfair prejudice is substantially outweighed by the probative value of these AY records.

Defendants' and Government's Motion re: Co-Conspirator Statements
The Court finds the government's proffer of evidence of the existence of a conspiracy and of the defendants' participation in the conspiracy sufficient.  The Court finds the government's supplemental identification of co-conspirator statements to be sufficiently specific.  Defendant Aycock's objection to defendants' own statements is overruled because defendants' own statements are admissible as admissions and need not meet the requirements of co-conspirator statements for admissibility.  Common knowledge testimony, when based on personal knowledge, is proper and admissible.  However, idle conversation that is not in furtherance of the common objectives of the conspiracy are not admissible as co-conspirator statements.   The Court will rule on objections as to whether a specific statement was made by a co-conspirator in furtherance of the conspiracy during the trial.

CORRECTED PRE-TRIAL CONFERENCE ORDER

Finding of Speedy Trial Act Excludable Time

The Court granted the continuance request of all counsel and found that the ends of justice served in granting the continuance outweighed the best interests of the public and all the defendants in a speedy trial. The reason for the Court's finding is that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv), failure to grant the continuance would unreasonably deny counsel for all parties' reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Thus, the period from and including June 20, 2012, through and including August 6, 2012, is deemed excluded.

**IT IS SO ORDERED.**

Dated: June 20, 2012

_____
LUCY H. KOH
United States District Judge

CORRECTED PRE-TRIAL CONFERENCE ORDER

3